# BOERING *v.* CHESAPEAKE BEACH RAILWAY COMPANY.

## ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 174. Argued March 4, 1904.—Decided March 21, 1904.

Where in an action for personal injuries the trial court submits to the jury the question whether a person riding on a pass is or is not a free passenger, and there is a general verdict for the defendant, that question of fact is settled in favor of the defendant.

A person may not through the intermediary of an agent obtain a privilege —a mere license—and then plead ignorance of the conditions upon which it was granted.

The duty of ascertaining the conditions on which a free pass is given and accepted, when the same are plainly printed on the pass, rests upon the person accepting and availing of the pass, and the carrier is not bound at its peril to see that the conditions are made known.

THE facts in this case involved the right of the plaintiffs who were husband and wife to recover for injuries sustained by the wife while riding upon a pass which contained a stipulation relieving the carrier from responsibility for injuries whether caused by negligence of company's agents or otherwise, and are stated at length in the opinion of the court.

*Mr. Charles F. Carusi* and *Mr. Charles H. Merillat* for plaintiffs in error:

A public carrier may not limit its common law liability for negligence to passengers by special agreement. This rule, founded on public policy, operates no less for the protection of gratuitous passengers than for passengers for hire. It is conceded for the purposes of argument, that the plaintiff held a free pass. This court in *Phila. & Reading R. R.* v. *Derby*, 14 How. 485, said that a pass is not free or gratuitous in the sense in which these words were used by the learned court below if the consideration therefor be "pecuniary or otherwise," which distinguishes this case from *Duncan* v. *Maine Central R. R. Co.*, 113 Fed. Rep. 508.

In the United States the law of passenger carriers, with the exception of the precise point at bar, has been perfectly well settled by this court, in which it has been held:

I. That passenger carriers are liable for the consequences of negligent acts to all passengers, gratuitous or otherwise. *Steamboat New World* v. *King*, 16 How. 469; *Phila. & Reading R. R. Co.* v. *Derby*, 14 How. 485.

II. That this liability cannot be evaded by private agreements, all such agreements being *per se* unreasonable in character and void as against public policy. *Lockwood* v. *Railroad Co.*, 17 Wall. 363.

In the only cases where this court was called on to pass on the validity or reasonableness of such agreements in the case of passengers other than those for hire, the court inevitably discovered some consideration, "pecuniary or otherwise," which made it unnecessary to pass on the precise point presented by this appeal. *B. & O. &c. Ry. Co.* v. *Voigt*, 176 U. S. 498, 505.

By the great weight of authority in this country stipulations against liability of common carriers for negligence are void even in the case of gratuitous passengers. *Bryan* v. *Mo. Pac. Ry. Co.*, 32 Mo. App. 228; *Jacobus* v. *Railway Co.*, 20 Minnesota, 125; *F. & P. M. Ry. Co.* v. *Weir*, 37 Michigan, 122; *G. C. & S. F. Ry. Co.* v. *McGown*, 65 Texas, 643; *Mob. & Ohio* v. *Hopkins*, 41 Alabama, 486; *Ala. Gt. S. Ry. Co.* v. *Little*, 71 Alabama, 614; *Rose* v. *D. M. V. Ry. Co.*, 39 Iowa, 246; *Ill. & Ont. Ry. Co.* v. *Reed*, 37 Illinois, 484; *Fol. W. & W. Ry. Co.* v. *Beggs*, 85 Illinois, 80; *Annas* v. *M. N. Ry. Co.*, 67 Wisconsin, 46; *Penna. R. R. Co.* v. *Henderson*, 51 Pa. St. 351 (drovers' pass case, but followed up to full extent in *Penna. R. R. Co.* v. *Butler*, 57 Pa. St. 335); *B. P. & W.* v. *O'Hara*, 9 Am. & Eng. R. R. Cases, 317, Pa., 1881; *Camden & Atl. Ry.* v. *Bausch*, 7 Atl. Rep. 731; *Burnett* v. *Railway Co.*, 176 Pa. St. 45; *Vette* v. *Harmon*, 102 Fed. Rep. 17; *Roesner* v. *Herman*, 8 Fed. Rep. 782; *Flinn* v. *P. W. & B. Ry. Co.*, 1 Houston (Del.), 471 (drover's pass case, but well considered and shows court of

same opinion as to purely gratuitous passenger); *O. & M. Ry. Co.* v. *Selby*, 47 Indiana, 471, 487; *Ind. Central R. R. Co.* v. *Mundy*, 21 Indiana, 48; *L. M. & A. &c. R. R. Co.* v. *Faylor*, 126 Indiana, 126; *Welsh* v. *Railroad Co.*, 10 Ohio St. 76; *Curran* v. *Railroad Co.*, 19 Ohio, 1; *Knowlton* v. *Erie R. R. Co.*, 19 Ohio, 261.

This last case was decided against the passenger, as the contract was made in New York, but decided (p. 263) that the Ohio law is otherwise. The text-writers are almost unanimous in opposition to the carriers' right to limit liability on a free pass. Redfield on Carriers, 268; Thompson's Law of Carriers, p. 200, §§ 4, 7, 9; Sherman's Redfield on Negligence, § 268, *et seq.;* Cooley on Torts, 686; Wharton on Negligence, 589, 592, 641; 1 Parsons on Contracts, 771, note; Schouler on Bailments and Carriers, 2d ed. § 656.

The contrary decisions are: *Wells* v. *Railroad Co.*, 24 N. Y. 181; *Perkins* v. *Railroad Co.*, 24 N. Y. 196; *Bissell* v. *Railway Co.*, 25 N. Y. 443; *Kinney* v. *Railway Co.*, 32 N. J. L. 407; *Quimby* v. *B. & M. Ry. Co.*, 150 Massachusetts, 365; *Muldoon* v. *S. C. Ry. Co.*, 35 Pac. Rep. 422; *Griswold* v. *N. Y. & N. E. Ry. Co.*, 53 Connecticut, 371 (a *quasi*-employé case); *Payne* v. *Terre Haute R. R. Co.*, 157 Indiana, 617.

Of the foregoing the one New Jersey and all three of the New York decisions were by divided courts. Moreover, in the New York cases and the Massachusetts case distinctions were sought to be made between ordinary negligence and gross negligence, and between the negligence of the corporation itself and that of its agents.

It is not contended that a public carrier necessarily has its duties to the public increased in proportion to the special benefits derived from the public in a charter of incorporation, but its charter does place certain duties and obligations on it. *Gaet* v. *Express Co.*, McArthur & M. 138; *Oscanyan* v. *Arms Co.*, 103 U. S. 261; *C. M. & St. Paul R. R. Co.* v. *Solan*, 109 U. S. 135.

Even those States which permit a common carrier to limit

its liability to gratuitous passengers require an express contract to that effect by the passenger and the party setting it up must prove its execution by proof conforming to the ordinary rules of evidence. *Amerian Transportation Co.* v. *Moore,* 5 Michigan, 368; *Cooper* v. *Berry,* 21 Georgia, 526; *Roberts* v. *Riley,* 15 La. Ann. 103.

Plaintiff in error had a right to assume the ticket had been paid for. There is no presumption that she knew it was gratuitous. Schouler on Bailments and Carriers, § 468, p. 497, and cases cited. And this notwithstanding the face of the ticket or document refers the reader to the back. *Malone* v. *Boston & W. R.,* 12 Gray, 388; *Railroad Co.* v. *Mfg. Co.,* 16 Wall. 318.

Plaintiff's right of action sounds in tort, but the defendant's exemption from liability is wholly contractual. The burden was on defendant who has failed wholly to show any contract.

If a carrier claims that by contract his common law liability has been limited, the burden is on him clearly to show it, and all such contracts will be interpreted most strictly against the carrier. Assent will not be presumed from facts and circumstances which do not clearly show an assent to such conditions in the contract on which the action is founded. In the absence of satisfactory proof showing that the shipper by assent and acquiescence has agreed to limit the liability of the carrier, the presumption is that he intended to insist on his common law rights. Neither usage nor custom, though known to the shipper, which he has not clearly assented to as a condition of the contract of shipment can be set up to absolve the carrier from his common law liability. *P. C. & St. L. R. Co.* v. *Barrett,* 36 Ohio St. 448; *Rosenfeld* v. *Peoria R. R.,* 103 Indiana, 121; *Jennings* v. *Grand Trunk,* 127 N. Y. 438; *Amn. T. Co.* v. *Moore,* 5 Michigan, 368; *Edsall's Case,* 50 N. Y. 661; *Louisville Ry. Co.* v. *Nicholai,* 4 Ind. App. 119; *New Jersey Steam Nav. Co.* v. *Merchants Bank,* 6 How. 344; *Mich. Cent. R. Co.* v. *Hale,* 6 Michigan, 243; *Missouri Pacific* v. *Ivy,* 17 Texas, 409; *Seyboldt* v. *N. Y. &c. Ry. Co.,* 95 N. Y. 562; *Brewer* v. *N. Y. C.*

*Ry. Co.,* 124 N. Y. 59; *Coppock* v. *Long Island R. Co.,* 89 Hun, 186.

So strong is this principle that in *Mauritz* v. *Railroad Co.,* 23 Fed. Rep. 765, it was held that a passenger unable to read the language in which a ticket is printed and to whom no explanation is made by the agent is not bound by special terms and conditions, as it was not, *per se,* negligence in him not to know them. *Blossom* v. *Dobb's Express,* 43 N. Y. 269; *Cam. & A. R. Co.* v. *Baldauf,* 16 Pa. St. 67; *Perkins* v. *N. Y. Central,* 43 N. Y. 269; *Boylan* v. *Hot Springs,* 132 U. S. 146, do not apply.

In this case the evidence established that the plaintiff, while she knew she was traveling on "transportation" procured in conjunction with an advertising contract, never had the transportation in her possession, and did not know there was any stipulation on the back thereof, did not assent to same, and authorized no one to do so for her.

This takes the case out of the principles laid down in *Northern Pacific Ry. Co.* v. *Adams,* 192 U. S. 440.

The circumstances under which the passes were issued and the testimony of Mr. and Mrs. Boering are conclusive on the points that plaintiff did not authorize her husband to procure any transportation whatever for her, and he was in no sense her agent and she had no notice of the stipulation on the back of the pass issued to her husband in her name, but retained by him.

It would appear, therefore, that, even if the stipulation were not void on the ground of public policy, the trial court erred in admitting it in evidence. Am. & Eng. Ency. 2d ed. under Agency; *McLaren* v. *Hall,* 26 Iowa, 297.

Mr. *Frederic D. McKenney,* with whom Mr. *John Spalding Flannery* was on the brief, for defendant in error:

There is nothing to distinguish this case from *Northern Pacific Ry. Co.* v. *Adams,* 192 U. S. 440.

Whether the female plaintiff had actual knowledge of the

conditions in the pass and their effect was immaterial. *Muldoon* v. *Seattle Railway Co.*, 10 Washington, 310. For even though the conditions by their terms require that the party using the pass should sign the same, if he does not in fact sign the same, yet uses the pass, he will be estopped to deny that he made the agreement specified thereon. *Quimby* v. *Boston & Maine R. R. Co.*, 150 Massachusetts, 365; *Illinois Central R. R. Co.* v. *Read*, 37 Illinois, 486.

If the cause of action in this case for a breach of a contract to carry is that of the wife alone, as held by the Court of Appeals of the District of Columbia in *Rockwell* v. *Traction Company*, 17 App. D. C. 369, 380, then it logically follows that the right to contract for such carriage was her own individual right, and that her husband, in attending to her "transportation," was acting as her agent, and bound her by accepting for her a complimentary pass containing the condition of exemption.

The power of a husband to act as the agent of his wife in relation to her separate or individual personal or property rights is well settled. *Voorhees* v. *Bonesteel & Wife*, 16 Wall. 16; *Aldridge* v. *Muirhead*, 101 U. S. 397; *Weisbrod* v. *Chicago, etc., Ry. Co.*, 18 Wisconsin, 35, and other cases cited in 1 A. & E. Ency. Law, 2d ed. 947.

If, on the other hand, the conclusion of the same court in the case of *Howard* v. *C. & O. Railway Co.*, 11 App. D. C. 300, 337, holding that the right of action for personal injuries sustained by the wife is not the statutory property of the wife, be, as we think it is, a correct statement of the law of this district on that subject, then, at the time this cause of action arose and suit thereon was instituted, the common law rule prevailed in this district and the female plaintiff could not have sued without joining her husband in such action, as she did do. Any damages recovered or reduced to possession as a result of such joint action during the coverture would have been the property of the husband alone. This right to the proceeds of the litigation carries with it the right of the hus-

band to release the entire right of action for damages, whether after judgment or before suit brought. *Anderson* v. *Anderson*, 11 Bush (Ky.), 327; *Ballard* v. *Russell*, 33 Maine, 196; *S. C.*, 54 Am. Dec. 620; *Southworth* v. *Packard*, 7 Massachusetts, 95; *Beach* v. *Beach*, 2 Hill (N. Y.), 260; *S. C.*, 38 Am. Dec. 584; *Long* v. *Morrison*, 14 Indiana, 597, and other cases cited in 15 A. & E. Ency. Law, 2d ed. 859; 24 A. & E. Ency. Law, 2d ed. 297.

If the husband could release the wife's right of action for damages before or after suit brought it is difficult to see why he could not, by a pre-release in the form of a condition upon a free pass containing an exemption from liability, waive or bar her right to recover for personal injuries sustained while traveling on such pass.

The validity of a pre-release of an action for personal injuries was considered and sustained by this court in *B. & O. &c. Ry. Co.* v. *Voigt*, 176 U. S. 498.

MR. JUSTICE BREWER delivered the opinion of the court.

This was an action brought in the Supreme Court of the District of Columbia to recover damages for personal injuries sustained by Mrs. Boering while riding in one of the coaches of the defendant, and caused, as alleged, by the negligence of the company. Her husband was joined with her as plaintiff, but no personal injury to him was alleged. The defence was that she was riding upon a free pass, which contained the following stipulation: "The person accepting and using this pass thereby assumes all risk of accident and damage to person and property, whether caused by negligence of the company's agents or otherwise." A trial before the court and a jury resulted in a verdict and judgment for the defendant, which was affirmed by the Court of Appeals of the District, 20 D. C. App. 500, and thereupon the case was brought here on error.

The contention of the plaintiffs is that the company was liable in any event for injuries caused by its negligence to one

riding on its trains; and further, that if it were not liable for such negligence to one accepting a free pass containing the stipulation quoted, it was liable to Mrs. Boering, because it did not appear that she knew or assented to the stipulation. The trial court submitted to the jury the question whether she was, in fact, a free passenger, and as the verdict was in favor of the defendant, that question of fact was settled in favor of the company. Under those circumstances the recent decision of this court in *Northern Pacific Railway Company* v. *Adams*, 192 U. S. 440, disposes of the first contention.

With reference to the second contention, the testimony of the two plaintiffs showed that the husband had attended to securing transportation; that he obtained passes for himself and wife, and that they had traveled on these passes before; that she knew the difference between passes (she called them "cards") and tickets, for on that day her husband had purchased a ticket for a friend who was traveling with them, and she had seen him use both ticket and passes. They further testified that she had not had either pass in her possession, and that her attention had not been called to the stipulation. Now, it is insisted that the exemption from liability for negligence results only from a contract therefor; that there can be no contract without knowledge of the terms thereof and assent thereto, and that she had neither knowledge of the stipulation nor assented to its terms; that therefore there was no contract between her and the company exempting it from liability for negligence. Counsel refer to several cases in which it has been held that stipulations in contracts for carriage of persons or things are not binding unless notice of those stipulations is brought home to such passenger or shipper. We do not propose in any manner to qualify or limit the decisions of this court in respect to those matters. They are not pertinent to this case. They apply when a contract for carriage and shipment is shown. When that appears it is fitting that any claim of limitation of the ordinary liabilities arising from such a contract should not be recognized unless both parties to the

contract assent, and that assent is not to be presumed, but must be proved. Here there was no contract of carriage, and that fact was known to Mrs. Boering. She was simply given permission to ride in the coaches of the defendant. Accepting this privilege, she was bound to know the conditions thereof. She may not, through the intermediary of an agent, obtain a privilege—a mere license—and then plead that she did not know upon what conditions it was granted. A carrier is not bound, any more than any other owner of property who grants a privilege, to hunt the party to whom the privilege is given, and see that all the conditions attached to it are made known. The duty rests rather upon the one receiving the privilege to ascertain those conditions. In *Quimby* v. *Boston & Maine Railroad*, 150 Massachusetts, 365, a case of one traveling on a free pass, and in which the question of the assent of the holder of the pass was presented, the court said (p. 367):

"Having accepted the pass, he must have done so on the conditions fully expressed therein, whether he actually read them or not. *Squire* v. *New York Central Railroad*, 98 Massachusetts, 239; *Hill* v. *Boston, Hoosac Tunnel & Western Railroad*, 144 Massachusetts, 284; *Boston & Maine Railroad* v. *Chipman*, 146 Massachusetts, 107."

So in *Muldoon* v. *Seattle City Railway Company*, 10 Washington, 311, 313:

"We think it may be fairly held that a person receiving a ticket for free transportation is bound to see and know all of the conditions printed thereon which the carrier sees fit to lawfully impose. This is an entirely different case from that where a carrier attempts to impose conditions upon a passenger for hire, which must, if unusual, be brought to his notice. In these cases of free passage, the carrier has a right to impose any conditions it sees fit as to time, trains, baggage, connections, and, as we have held, damages for negligence; and the recipient of such favors ought at least to take the trouble to look on both sides of the paper before he attempts to use them."

See also *Griswold* v. *New York &c. Railroad Company*, 53

Connecticut, 371; *Illinois Central Railroad Company* v. *Read,* 37 Illinois, 484, 510. As was well observed by Circuit Judge Putnam in *Duncan* v. *Maine Central Railroad Company,* 113 Fed. Rep. 508, 514, in words quoted with approval by the Court of Appeals in this case:

"The result we have reached conforms the law applicable to the present issue to that moral sense which justly holds those who accept gratuities and acts of hospitality to perform the conditions on which they are granted."

We see no error in the record, and the judgment of the Court of Appeals is

*Affirmed.*