JULIA M. ANDERSON, as Administratrix of the Estate of JAMES A. ANDERSON, Deceased, Appellant, *v.* ERIE RAILROAD COMPANY, Respondent.

Railroads — passengers — negligence — purchase of ticket at reduced rate of fare — effect of agreement that person. accepting and using such a ticket should assume all risks of accidents and damage to person and property — presumption that ticket including the agreement was in accordance with schedules filed by defendant with the public service commission.

1. Plaintiff's intestate purchased a ticket over defendant's road for which he paid a reduced rate of fare. The condition on the back of the ticket was: " In consideration of this ticket being sold at a reduced rate, a person accepting and using it expressly agrees to and does thereby assume all risks of accidents and damage to person and property, whether caused by negligence of the company or that of its agents or employees or otherwise." The intestate agreed to the condition, as evidenced by his signature thereto, and while *en route* the car in which he was riding was derailed and he was killed. This action was brought to recover the damages alleged to have been sustained by reason of his death. Plaintiff had a verdict, the judgment upon which was reversed by the Appellate Division and a new trial ordered. *Held,* that the release from liability for negligence given by plaintiff's intestate to defendant, in consideration of the reduced rate at which the ticket was sold to him, prevents a recovery.

2. No suggestion was made at the trial that it was necessary for defendant to show that the ticket, including the agreement, was in accordance with the schedules filed with the public service commission. Section 28 of the Public Service Commissions Law provides for the filing of such tariffs and section 33 prohibits transportation until they are filed. The presumption is, therefore, that these statutory regulations have been fully complied with. If not, the burden was upon the one claiming illegality to show it. The law presumes that every person does his duty and this presumption extends to a railroad corporation in the use of tickets delivered to passengers.

*Anderson* v. *Erie R. R. Co.,* 171 App. Div. 687, affirmed.

(Argued March 19, 1918; decided April 23, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 28, 1916, reversing a judgment in favor of plaintiff entered upon a verdict and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*F. W. Clifford* for appellant. The plaintiff's intestate paid the full fare which the defendant was entitled to by law, and, therefore, there was no consideration for the release on the back of the ticket. (*Bissell* v. *N. Y. C. R. R. Co.*, 25 N. Y. 442.) The defendant could not make a contract to be released from negligence when a consideration was paid for passage. (*Gill* v. *Erie R. R. Co.*, 151 App. Div. 131; *Vroom* v. *N. Y. C. & H. R. R. R. Co.*, 129 App. Div. 858; 197 N. Y. 588; *Bissell* v. *N. Y. C. R. R. Co.*, 25 N. Y. 42; *Ulrich* v. *N. Y. C. & H. R. R. Co.*, 108 N. Y. 80; *Boering* v. *Chesapeake Beach R. Co.*, 193 U. S. 442; *Quimby* v. *Boston & Maine R. Co.*, 150 Mass. 365; *Halley* v. *N. Y. C. & H. R. R. R. Co.*, 133 App. Div. 920; *Dempsey* v. *N. Y. C. & H. R. R. R. Co.*, 146 N. Y. 290; *Vick* v. *N. Y. C. & H. R. R. R. Co.*, 95 N. Y. 267.) The " conditions " on the back of the ticket upon which the plaintiff's intestate was traveling are no bar to a recovery by the plaintiff. (*Bliss* v. *Matteson*, 52 Barb. 336; 45 N. Y. 22; *West* v. *Camden*, 135 U. S. 507; Shearman & Redfield on Neg. §§ 226, 497; *Koehler* v. *N. Y. Steam Co.*, 183 N. Y. 1; *Byrne* v. *Eastman Co.*, 163 N. Y. 461; *Flike* v. *B. & A. R. R. Co.*, 53 N. Y. 549; *Hankins* v. *N. Y., L. E. & W. R. R. Co.*, 142 N. Y. 416; *Jarvis* v. *Northern N. Y. Marble Co.*, 55 App. Div. 272; *Mautsewich* v. *U. S. Gypsum Co.*, 217 N. Y. 593; *Smith* v. *N. Y. C. R. R. Co.*, 24 N. Y. 222; *Jones* v. *S. L., etc., R. R. Co.*, 125 Mo. 666.)

*Halsey Sayles* for respondent. The release signed by plaintiff's intestate was valid and barred a recovery. (*Bissell* v. *N. Y. C. R. R. Co.*, 25 N. Y. 442; *Wells* v. *N. Y. C. R. R. Co.*, 24 N. Y. 181; *Poucher* v. *N. Y. C. R. R. Co.*, 49 N. Y. 263; *B. & O. R. R. Co.* v. *Voight*, 176 U. S. 498; *N. P. Ry. Co.* v. *Adams*, 192 U. S. 440; *Santa Fe Railway* v. *Grant Brothers*, 228 U. S. 177; *Kenney* v. *N. Y. C. & H. R. R. R. Co.*, 125 N. Y. 422; *Hodge* v. *Rutland R. R. Co.*, 112 App. Div. 142; *Boyle* v. *Bush Ter. R. R. Co.*, 210 N. Y. 389; *Fish* v. *D., L. & W. R. R. Co.*, 211 N. Y. 374.) The statutory provision that defendant should file its tariffs does not alter the contract of exemption. The burden is clearly upon one claiming the illegality of such a contract to prove it, unless it shows upon the face of the contract. (*Ocorr & Rugg Co.* v. *City of Little Falls*, 77 App. Div. 592; 178 N. Y. 622; *Willcox* v. *Erie R. R. Co.*, 162 App. Div. 94.)

McLAUGHLIN, J. Plaintiff's intestate, a clergyman, obtained from defendant, a written order that at any time during the year 1913 its agents would sell to him, for his personal use, a clerical ticket subject to the conditions on the back thereof. On the 10th of November, 1913, he presented this order to and purchased from defendant's agent at Elmira, N. Y., a ticket over defendant's road from that place to Leroy, N. Y., for which he paid $1.20, the regular fare being $2.35. The condition on the back of the ticket was: "In consideration of this ticket being sold at a reduced rate, a person accepting and using it expressly agrees to and does thereby assume all risk of accidents and damage to person and property, whether caused by negligence of the company or that of its agents or employees or otherwise. And as a condition precedent to the issuing and use thereof, each person represents that he or she is legally entitled to

use such reduced rate ticket under all laws governing the same, and agrees that he or she will not use this ticket in violation of any law. This ticket is not transferable." The intestate having agreed to the condition, as evidenced by his signature thereto, the ticket was delivered to him and while *en route* the car in which he was riding was derailed and he was killed. This action was brought to recover the damages alleged to have been sustained by reason of his death. Plaintiff had a verdict for a substantial sum, upon which judgment was entered. An appeal was taken to the Appellate Division, where the judgment was reversed and a new trial ordered. Plaintiff gave the usual stipulation and appeals to this court.

The sole question presented by the appeal is whether the release from liability for negligence given by plaintiff's intestate to defendant, in consideration of the reduced rate at which the ticket was sold to him, prevents a recovery. Had the intestate, at the time of the accident, been traveling on a pass there could be but one answer to the question. A recovery could not be had. This court settled that question over half a century ago. (*Wells* v. *N. Y. C. R. R. Co.*, 24 N. Y. 181.) It was there specifically held that a contract between a railroad corporation and a person traveling on a pass, by which the former was exempted from liability for the negligence of its agents or servants for an injury to the latter, was not against public policy and was a valid agreement which would be enforced when called in question. The rule as thus established has since been followed in this state. (*Perkins* v. *N. Y. C. R. R. Co.*, 24 N. Y. 196; *Bissell* v. *N. Y. C. R. R. Co.*, 25 N. Y. 442; *Poucher* v. *N. Y. C. R. R. Co.*, 49 N. Y. 263; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 N. Y. 562; *Ulrich* v. *N. Y. C. & H. R. R. R. Co.*, 108 N. Y. 80; *Hodge* v. *Rutland R. R. Co.*, 112 App. Div. 142; affd., 194 N. Y.

570; *Fish* v. *D., L. & W. R. R. Co.*, 211 N. Y. 374.) It is also the rule which has been adopted in many of the other states, of which see the following: *Rogers* v. *Kennebec Steamboat Co.* (86 Me. 261); *Quimby* v. *Boston & Maine R. R. Co.* (150 Mass. 365); *Dugan* v. *Blue Hill Street Ry. Co.* (193 Mass. 431); *Griswold* v. *N. Y. & N. E. R. R. Co.* (53 Conn. 371); *Kinney* v. *Central R. R. Co.* (34 N. J. L. 513); *Payne* v. *T. H. & I. Ry. Co.* (157 Ind. 616). The same rule prevails in the Supreme Court of the United States. (*B. & O. Southwestern Ry. Co.* v. *Voigt*, 176 U. S. 498; *Northern Pacific Ry. Co.* v. *Adams*, 192 U. S. 440; *Boering* v. *Chesapeake Beach Ry. Co.*, 193 U. S. 442; *Charleston & Western Carolina Ry. Co.* v. *Thompson*, 234 U. S. 576.) The English decisions are to the same effect. (*McCawley* v. *Furness Ry. Co.*, L. R. 8 Q. B. 57; *Hall* v. *North Eastern Ry. Co.*, L. R. 10 Q. B. 437.)

Mr. Justice BREWER in *Northern Pacific Ry. Co.* v. *Adams* (192 U. S. 440) tersely stated the reason for the rule as follows: " The railway company was not as to Adams a carrier for hire. It waived its right as a common carrier to exact compensation. It offered him the privilege of riding in its coaches without charge if he would assume the risk of negligence. He was not in the power of the company and obliged to accept its terms. They stood on an equal footing. If he had desired to hold it to its common law obligations to him as a passenger, he could have paid his fare and compelled the company to receive and carry him. He freely and voluntarily chose to accept the privilege offered, and having accepted that privilege cannot repudiate the conditions. It was not a benevolent association, but doing a railroad business for profit; and free passengers are not so many as to induce negligence on its part. So far as the element of contract controls, it was a contract which neither party was bound to enter into, and yet

one which each was at liberty to make and, no public policy was violated thereby." (p. 453.)

Does an agreement to sell a ticket at a reduced rate of fare, in consideration of exemption from liability in case of negligence, change the rule? I do not think it does. No good reason can be suggested why it should. If a railroad company and a passenger be permitted to make such contract at all, then they are the sole judges of the amount of consideration which will compensate the one for being relieved from liability and the other for assuming the risk, whether it be the whole fare or anything less than that.

In *Bissell* v. *N. Y. C. R. R. Co.* (*supra*) the question involved was the exemption from liability by reason of a pass given to a person in charge of live stock being transported. That case has been criticised by the Supreme Court of the United States (*Railroad Company* v. *Lockwood*, 84 U. S. 357) and not followed by some of the states, notably Massachusetts, where a distinction is drawn between passes given to passengers and those given to employees and drovers. This distinction is placed upon the ground that a pass given to a drover or employee is a part of the consideration for which the stock is transported or the employee enters and continues in the employment, and, therefore, as to them it is not a gratuity and they are passengers for hire. The question as to such passes is in no way involved here and, therefore, it would serve no useful purpose to consider the numerous decisions bearing upon the subject. As already indicated, the sole question here is whether an agreement to relieve a railroad company from liability on account of negligence, in consideration of a ticket being sold at a reduced rate, be enforceable. The intestate agreed if the defendant would sell him a ticket at the reduced rate at which it was sold, he would assume all risks of accident due to the negligence of the defend-

ant's agents and servants. In fairness, it seems to me, such agreement should be enforced. The intestate was an intelligent man. He deliberately and voluntarily entered into the agreement. It was printed on the back of the ticket, and as evidence that he had full knowledge and appreciated the effect of the agreement is his signature thereto. The ticket and agreement thereon were received in evidence at the trial without objection. No suggestion was then made that it was necessary for defendant to show that the ticket, including the agreement, was in accordance with the schedules filed with the public service commission. Section 28 of the Public Service Commissions Law provides for the filing of such tariffs and section 33 prohibits transportation until they are filed. The presumption is, therefore, that these statutory regulations have been fully complied with. If not, the burden was upon the one claiming illegality to show it. (*Ocorr & Rugg Co.* v. *City of Little Falls*, 77 App. Div. 592; affd., 178 N. Y. 622.) But the law presumes that every person does his duty and this presumption extends to a railroad corporation in the use of tickets delivered to passengers. (*Cincinnati, N. O. & Tex. Pac. Ry. Co.* v. *Rankin*, 241 U. S. 319.)

I am of the opinion plaintiff was not entitled to recover and, therefore, defendant is entitled to judgment on the stipulation, with costs in all courts.

HISCOCK, Ch. J., COLLIN and CUDDEBACK, JJ., concur; CHASE, HOGAN and CRANE, JJ., dissent.

Order affirmed, etc.