Henry Hester, Appellant, v. Manhattan Bridge Three-Cent Line, Respondent.

Second Department, November 20, 1925.

Street railways — injuries to passengers — plaintiff, employee of city of New York, had pass to ride on East River bridges — accident happened on car that passed over Manhattan Bridge — employee was required to pay if he went beyond Nassau street — motorman lost control of car while on bridge and car jumped track and did not stop until after it passed Nassau street — pass released defendant from liability for negligence — plaintiff by accepting pass agreed to limitation — plaintiff cannot recover.

An employee of the city of New York, who was given and accepted a pass to ride on street cars on any of the East River bridges, which pass provided that the person accepting it released the street car company from any claim for liability because of negligence, cannot recover for injuries suffered, where it appears that he boarded the street car on Manhattan Bridge and that after the street car had started toward the Brooklyn side, the motorman lost control thereof and the car, after proceeding for some distance, jumped the track and finally came to a stop beyond Nassau street, for the plaintiff, by accepting the pass, likewise accepted the conditions and limitations contained therein.

The fact that the pass was good only to Nassau street and that if the plaintiff wished to go beyond that street it was necessary for him to pay a regular fare, does not make the defendant liable on the theory that as soon as the runaway car reached Nassau street the plaintiff became a pay passenger.

Appeal by the plaintiff, Henry Hester, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 10th day of March, 1925, upon the dismissal of the complaint at the close of the plaintiff's case.

*James A. Gray* [*William S. Butler* with him on the brief], for the appellant.

*Almet Reed Latson,* for the respondent.

Jaycox, J.:

The plaintiff was injured by an accident which occurred on one of defendant's cars and brings this action to recover damages for the injuries so suffered. The plaintiff was in the employ of the city of New York and was engaged in painting the Manhattan Bridge structure. As was the custom, at the close of the day's work the plaintiff went from the place on the bridge structure where he had been working to the anchorage, changed his clothes and then boarded one of the defendant's cars going towards Brooklyn. At the point where he boarded the car only persons engaged in work on the bridge were admitted as passengers. Soon after

the plaintiff entered the car the motorman lost control of it and it ran down grade at a rapid rate until it left the track and came in contact with something which stopped it. The car was badly damaged and plaintiff was injured. The point at which the car stopped was beyond Nassau street, in the borough of Brooklyn. Long prior to the time of this accident the plaintiff received from his foreman a pass, issued by the commissioner of plant and structures, directing that the plaintiff be permitted to ride without charge " on the local Railways of all East River Bridges," and since he received said pass he had not paid any fare on the defendant's cars on the bridge. That pass was for a limited time but when the time limit expired another pass was issued to him. Under the pass the plaintiff was carried as far as Nassau street free of charge, but if he rode beyond that point he would have to pay a fare. For a time after a pass was issued to the plaintiff he showed it to the conductor each time he rode, but after awhile he was not asked to show his pass and at the time of the accident he did not have it with him. Upon the back of the pass was printed the following conditions: " The person who accepts this Pass, in consideration therefor and for value received, thereby agrees to assume and does assume all risks of accidents, damage and loss, and expressly agrees that the Company owning or controlling the lines on which this Pass is presented shall not be liable under any circumstances, whether by reason of negligence of or by its agents or otherwise, for any injury or loss to the person or persons using this Pass, and also agrees that he will not claim that the Company owning or controlling the lines on which this Pass is presented is a common carrier or liable to him as such."

At the close of the plaintiff's case the complaint was dismissed upon the ground that the plaintiff had failed to establish any liability upon the part of the defendant. The plaintiff contends, upon various grounds, that the dismissal was erroneous. A particular discussion of each of these contentions is unnecessary since nearly all of them will be disposed of by a general discussion of the law upon the subject.

The defendant, under the provisions of the Public Service Commission Law, had the right to carry plaintiff free for the city of New York. (Public Service Commission Law, § 33, subd. 2, as amd. by Laws of 1914, chaps. 38, 116.) The plaintiff was under no compulsion to accept the pass. His duties did not require him to ride, and he testified that he walked to his work a large part of the time. He was free to accept or decline the pass, as he saw fit. If he accepted it, he accepted the terms upon which it was issued and thus a contract was created between the plaintiff and

the defendant.   The decisions in this State are uniform as to that. In one of the earliest cases on the subject (*Wells* v. *New York Central Railroad Co.,* 24 N. Y. 181, 183) the court said: " There being made some question whether the indorsement on the ticket (' the person *accepting* this free ticket assumes all risks, etc., and expressly *agrees,*' etc.) is a contract, on the part of the passenger, with the company; it seems necessary to say that the word ' agreed ' means the concurrence of two parties; and that the act of acceptance binds the acceptor as fully as his hand and seal would.   [Co. Litt. § 217, note; *Barton* v. *McLean,* 5 Hill, 258, 259; *Worrall* v. *Munn,* 1 Seld. (5 N. Y.) 229; *Van Rensselaer* v. *Smith,* 27 Barb. 140; and cases there cited.]   The point is too well settled to admit of debate." The Court of Appeals expressed its approval of that case recently in *Anderson* v. *Erie R. R. Co.* (223 N. Y. 277), wherein all of the decisions following the *Wells Case* (*supra*) are collated.   The effect of the acceptance of a pass under the circumstances here presented is cogently expressed by Mr. Justice BREWER, in *Northern Pacific Railway Co.* v. *Adams* (192 U. S. 440), as follows (p. 453): " He was not in the power of the company and obliged to accept its terms.   They stood on an equal footing.   If he had desired to hold it to its common law obligations to him as a passenger, he could have paid his fare and compelled the company to receive and carry him.   He freely and voluntarily chose to accept the privilege offered, and having accepted that privilege cannot repudiate the conditions."   (See, also, *Boering* v. *Chesapeake Beach R. Co.,* 193 U. S. 442.)

The situation is not changed by the fact that the injury to the plaintiff did not occur until the car had passed the point at which it was intended that plaintiff's free passage should terminate. The defendant did not voluntarily carry the plaintiff beyond that point.   There had been no change in their relations and nothing to indicate that a change was contemplated.   If the plaintiff had any intention of remaining on the car and paying his fare from that point, that journey had not yet begun.   He had not become a passenger from whom a fare was due.   His status was unchanged.

The other points urged by appellant have been carefully examined, but no ground for reversal is found therein.

The judgment should be affirmed, with costs.

Present — KELLY, P. J., RICH, JAYCOX, KELBY and YOUNG, JJ.

Judgment unanimously affirmed, with costs.