KATE WILDER, Appellant, *v.* PENNSYLVANIA RAILROAD COMPANY and Another, Respondents.

First Department, July 6, 1926.

Carriers — carrier of passengers — passes — plaintiff, in pass from railroad, assumed all risks and released railroad from liability — plaintiff was injured in station which belonged to another corporation — writing constituted release and was valid — injury was covered by release — defense of release is good as to both defendants since complaint alleges defendants are joint tort feasors.

The plaintiff accepted a pass over the Pennsylvania railroad from New York city to Washington, D. C., or Norfolk, Va., and indorsed thereon over her signature an alleged release, whereby she agreed to assume all risks for personal injuries from whatever cause arising, and released the company from liability therefor. The plaintiff was injured in the Pennsylvania station at New York city, which belongs to another corporation. The writing constituted a valid release of the Pennsylvania Railroad Company, is not against public policy, and is valid and enforcible, and said injury suffered by the plaintiff in the Pennsylvania railroad station at the time when she was about to board a train, on which she intended to use her pass, was covered by the release.

Inasmuch as the plaintiff alleged that the Pennsylvania Railroad Company and the corporation owning the railroad station were joint tort feasors, the release constituted a defense available to both parties to the action.

McAVOY, J., dissents in memorandum.

APPEAL by the plaintiff, Kate Wilder, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of March, 1924, denying her motion to strike out paragraph " tenth " of the amended answer of the defendant Pennsylvania Railroad Company on the ground that it appears on the face of the amended answer that the defense is insufficient in law.

*R. Randolph Hicks* of counsel [*Satterlee & Canfield*, attorneys], for the appellant.

*Roy H. Caldwell* of counsel [*Burlingham, Veeder, Masten & Fearey*, attorneys], for the respondents.

MARTIN, J. It appears from the complaint that, prior to July 9, 1921, the defendant Pennsylvania Railroad Company issued

to the plaintiff a pass entitling her to one continuous passage from New York city to Washington or Norfolk, Va., on passenger trains operated by the railroad company, excepting certain designated trains. The pass reads:

" NOT TRANSFERABLE
" Pennsylvania System

" Eastern Region                    Central Region
" Northwestern Region               Southwestern Region
                                     " May 28th, 1921, c.

" Pass Mrs. L. M. Wilder and Sons Stanley

" Clerk

" Acct. S A L Ry

" To Wash. D. C. or Norfolk, Va.

" From New York, N. Y.

" Good for one trip until August 28, 1921.

" Not good on Main line trains Nos. 2, 5, 28, 29, 30 and 31 and Congressional Limited Trains Nos. 127 and 130.

" Residence Norfolk, Va. Requested by S. D. W.

" Valid when countersigned by I. A. Miller, W. W. Wells or Thos. Z. Heston.

" Countersigned
        " THOS. Z. HESTON            ELISHA LEE
                                         " Vice-President.

" In consideration of the issuance of this free pass, I hereby assume all risk of personal injury and all loss of or damage to property from whatever causes arising, and release the Company from liability therefor, and I hereby declare that I am not prohibited by law from receiving free transportation and that this pass will be lawfully used.

        " BK 31184        Sgd.        Mrs. KATE WILDER."

On the morning of July 9, 1921, having entered the Pennsylvania Terminal, New York city, for the purpose of boarding a train for Norfolk, and thus availing herself of said pass, plaintiff was injured by a fall on a slippery floor which was being cleaned with soap and water.

Paragraph " tenth " of the amended answer of one of the defendants, the defendant Pennsylvania Tunnel and Terminal Railroad Company, " alleges on information and belief that under the terms and conditions of said pass * * * the Pennsylvania Railroad Company is released from all liability whatsoever caused by or any claim arising through the occurrence in the complaint mentioned; " and " that by virtue of the said release of the Pennsylvania Railroad Company under the terms and conditions of said pass the

Pennsylvania Tunnel & Terminal Railroad Company is released from all liability whatsoever caused by or any claim arising through the occurrence in the complaint mentioned."

It is the contention of the respondents that the provisions contained in the pass, " I hereby assume all risk of personal injury and all loss of or damage to property from *whatever causes arising,* and release the Company from liability therefor," constitute a valid release of the Pennsylvania Railroad Company and bar a recovery against the other defendant alleged in the complaint to be a joint tort feasor.

The unqualified release of one joint tort feasor operates to release the other. (*Barrett* v. *Third Avenue R. R. Co.,* 45 N. Y. 628.)

Instead of a release there may be merely a covenant not to sue, where it is usual to reserve the right to sue the other joint tort feasor.

In *Gilbert* v. *Finch* (173 N. Y. 455) the court said: " Where the release contains no reservation it operates to discharge all the joint tort feasors; but where the instrument expressly reserves the right to pursue the others it is not technically a release but a covenant not to sue, and they are not discharged."

From a holding that we have here a release, it does not follow that plaintiff cannot recover should it be established that the Pennsylvania Railroad Company would not have been liable in any event, that the only tort feasor was the other defendant.

The element necessary to be present is that the defendants are jointly liable because there can be but one satisfaction for one tort.

We believe the writing here to be a release. It was the plain purpose of the provisions of the pass to release the company issuing it from all liability because of any injury or loss or damage sustained " from whatever cause arising."

It has been held that such a release is not against public policy. (*Anderson* v. *Erie R. R. Co.,* 223 N. Y. 277; *Kansas City Southern R. Co.* v. *Van Zant,* 260 U. S. 459; *Gill* v. *Erie R. R. Co.,* 151 App. Div. 131; *Bissell* v. *N. Y. C. R. R. Co.,* 25 N. Y. 442; *Ulrich* v. *N. Y. C. & H. R. R. R. Co.,* 108 id. 80; *Boering* v. *Chesapeake Beach R. Co.,* 193 U. S. 442; *Quimby* v. *Boston & Maine R. R. Co.,* 150 Mass. 365.)

In reference to employees the situation is not the same. (*Johnston* v. *Fargo,* 184 N. Y. 379; *Thompson* v. *Knights of Maccabees,* 189 id. 294.)

In the *Anderson* case the court said: " The sole question presented by the appeal is whether the release from liability for negli-

gence given by plaintiff's intestate to defendant, in consideration of the reduced rate at which the ticket was sold to him, prevents a recovery. Had the intestate, at the time of the accident, been travelling on a pass there could be but one answer to the question. A recovery could not be had. This court settled that question over half a century ago. (*Wells* v. *N. Y. C. R. R. Co.*, 24 N. Y. 181.) It was there specifically held that a contract between a railroad corporation and a person travelling on a pass, by which the former was exempted from liability for the negligence of its agents or servants for an injury to the latter, was not against public policy and was a valid agreement which would be enforced when called in question. The rule as thus established has since been followed in this State. (*Perkins* v. *N. Y. C. R. R. Co.*, 24 N. Y. 196; *Bissell* v. *N. Y. C. R. R. Co.*, 25 N. Y. 442; *Poucher* v. *N. Y. C. R. R. Co.*, 49 N. Y. 263; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 N. Y. 562; *Ulrich* v. *N. Y. C. & H. R. R. R. Co.*, 108 N. Y. 80; *Hodge* v. *Rutland R. R. Co.*, 112 App. Div. 142;* affd., 194 N. Y. 570; *Fish* v. *D., L. & W. R. R. Co.*, 211 N. Y. 374.) It is also the rule which has been adopted in many of the other States, of which see the following: *Rogers* v. *Kennebec Steamboat Co.* (86 Me. 261); *Quimby* v. *Boston & Maine R. R. Co.* (150 Mass. 365); *Dugan* v. *Blue Hill Street Ry. Co.* (193 Mass. 431); *Griswold* v. *N. Y. & N. E. R. R. Co.* (53 Conn. 371); *Kinney* v. *Central R. R. Co.* (34 N. J. L. 513); *Payne* v. *T. H. & I. Ry. Co.* (157 Ind. 616). The same rule prevails in the Supreme Court of the United States. (*B. & O. Southwestern Ry. Co.* v. *Voigt*, 176 U. S. 498; *Northern Pacific Ry. Co.* v. *Adams*, 192 U. S. 440; *Boering* v. *Chesapeake Beach Ry. Co.*, 193 U. S. 442; *Charleston & Western Carolina Ry. Co.* v. *Thompson*, 234 U. S. 576.) The English decisions are to the same effect. (*McCawley* v. *Furness Ry. Co.*, L. R. 8 Q. B. 57; *Hall* v. *North Eastern Ry. Co.*, L. R. 10 Q. B. 437.) "

Considering the circumstances surrounding the issuance of the pass, there is no reason why the plaintiff, having accepted the free pass on the conditions therein stated should not be held to have assumed, as the writing shows she agreed to assume, all risks to property and person while she was using the facilities afforded for her transportation.

It would be contradictory of the language of the pass to hold that she did not assume the risk of slipping on the floor of the railroad station provided for her convenience in boarding the train. It is clear that she was not to seek to recover for any injuries sustained irrespective of the fact that the station may have been

---

* See, also, 115 App. Div. 881.— [REP.

maintained by a separate corporation. She was there because she was using the pass and she assumed the risk of just such an accident.

The defense is good to this complaint which alleges the liability of both defendants as joint tort feasors.

The order should be affirmed, with ten dollars costs and disbursements.

DOWLING and FINCH, JJ., concur; McAVOY, J., dissents.

McAVOY, J. (dissenting). The joint tort feasor was not released by an antecedent agreement which is, in effect, a covenant not to sue the carrier. No liability ever attaching to the principal actor through the agreement, no liability of another tort feasor who jointly injured the passenger can possibly, logically, be released in advance, since there was then no liability to release, and the covenant with the tort feasor who is released through such agreement can run only to one in actual privity.

The order so far as appealed from should, therefore, be reversed and the motion denied.

Order affirmed, with ten dollars costs and disbursements.