## BUSH v. BREMNER.

Circuit Court of Appeals, Eighth Circuit.
November 12, 1929.

No. 8581.

Ernest A. Michel, of Minneapolis, Minn. (Davis, Michel & Yaeger, of Minneapolis, Minn., on the brief) for appellant.

C. W. Wright, of Minneapolis, Minn. (M. M. Joyce and G. M. Swanstrom, both of Minneapolis, Minn., on the brief), for appellee.

Before VAN VALKENBURGH and GARDNER, Circuit Judges, and WOODROUGH, District Judge.

VAN VALKENBURGH, Circuit Judge This case arose in a state court in the state of Minnesota, but, by reason of its being a suit against a federal receiver, it was removed to the United States District Court for the District of Minnesota. The action was for personal injuries received while riding on a free pass from Minneapolis to the station of Wood Lake, all in the state of Minnesota. It appears that the original plaintiff, now deceased, by whom the suit was brought, was the dependent father of the auditor of the Admiral Oriental Line, and resided with his son in Seattle, Wash. Said Oriental Line is a steamship company only, and files tariffs with the Interstate Commerce Commission. Decedent had formerly resided in the village of Wood Lake, Minn., and, being desirous of visiting that village, he obtained, as such dependent of his son, now substituted as appellant a series of free passes. One pass entitled him to ride from the city of Seattle, Wash. to the city of Omaha, in the state of Nebraska. From Omaha he traveled upon a free pass to Minneapolis, in the state of Minnesota, over the lines of the Chicago, Great Western Railroad. He arrived at the Great Northern Union Depot in said city on the morning of the accident. From Minneapolis, after an hour's wait at the station, he took a train of the Minneapolis & St. Louis Railroad for Wood Lake, again riding upon a free pass. In stepping from the train he was injured, as he charges, by reason of the violent starting of the coach from which he was alighting. Violation of a state statute, requiring such trains to stop at the depot for

a sufficient time—not less than one minute—to safely discharge and receive passengers, is also assigned as negligence. Upon the back of the pass upon which he was riding appeared the following exemption provision:

"The person accepting and using this pass thereby assumes all risk of accident and injury to person and all damage to, or loss of property. If presented by any other than the individual named hereon, conductor will take up pass and collect fare. As a condition precedent to the issue and use of this pass the recipient represents that he or she is not prohibited by Federal or State laws from receiving free transportation and that this pass will be lawfully used. This pass is not transferable."

At the close of all the testimony counsel for the receiver moved for a directed verdict. By consent of counsel, the trial court reserved his ruling on this motion, and submitted three questions of fact to the jury:

"1st. Whether the injuries sustained by plaintiff are the result of, or were caused proximately by the negligence of appellee?

"2nd. Whether the plaintiff himself was guilty of contributory negligence?

"3rd. What amount of damages plaintiff sustained?"

It is agreed that it was understood at the time of this submission that no judgment should be entered upon any verdict to be returned by the jury, but that the same should be treated as a finding, or findings, in the final disposition of the case. Thereafter the court made findings of fact substantially as hereinabove stated, and rendered judgment in favor of defendant, appellee herein. The only question presented on this appeal is whether upon the record before us this contract, in terms exempting the carrier from liability to a passenger so riding upon a free pass, is valid.

The appellant contends that under a decision of the Supreme Court of the state of Minnesota, to wit, Jacobus v. St. Paul & Chicago Railway Co., 20 Minn. 125 (Gil. 110), 18 Am. Rep. 360, referred to with approval by the Supreme Court of Minnesota in Fraser v. Great Northern Railway, 166 Minn. 308, 207 N. W. 644, such condition, attached to a free pass of this character is void as against public policy, and that, inasmuch as the accident occurred in Minnesota while decedent was riding upon a pass issued for transportation between points wholly within that state, the rule so announced must be followed by the national courts in the pending case. It must be conceded that the rule in federal jurisdictions is to the contrary in the case of a pass given gratuitously and so accepted. Northern Pacific Ry. Co. v. Adams, 192 U. S. 440, 24 S. Ct. 408, 48 L. Ed. 513; Boering v. Chesapeake Beach Ry. Co., 193 U. S. 442, 24 S. Ct. 515, 48 L. Ed. 742; Charleston & W. C. R. Co. v. Thompson, 234 U. S. 576, 34 S. Ct. 964, 58 L. Ed. 1476; Kansas City Southern Ry. Co. v. Van Zant, 260 U. S. 459, 43 S. Ct. 176, 67 L. Ed. 348.

And, where the question is one not of local law, but of general jurisprudence, the federal courts will exercise their own independent judgment, uncontrolled by state decisions. The general rule is thus stated in Lake Shore & Michigan Southern Railway Company v. Prentice, 147 U. S. 101, 106, 13 S. Ct. 261, 262, 37 L. Ed. 97, where it is said:

"This question, like others affecting the liability of a railroad corporation as a common carrier of goods or passengers—such as its right to contract for exemption from responsibility for its own negligence, or its liability beyond its own line, or its liability to one of its servants for the act of another person in its employment—is a question, not of local law, but of general jurisprudence, upon which this court in the absence of express statute regulating the subject, will exercise its own judgment, uncontrolled by the decisions of the courts of the several states."

To the same effect see Baltimore & Ohio R. R. v. Baugh, 149 U. S. 368, 374, 13 S. Ct. 914, 37 L. Ed. 772; Chicago, M. & St. P. Ry. Co. v. Solan, 169 U. S. 133, 136, 18 S. Ct. 289, 42 L. Ed. 688; Northern Pacific Ry. Co. v. Adams, 192 U. S. 440, 24 S. Ct. 408, 48 L. Ed. 513; Boering v. Chesapeake Beach Ry. Co., 193 U. S. 442, 24 S. Ct. 515, 48 L. Ed. 742; Black & White Taxicab & Transfer Co. v. Brown & Yellow Taxicab & Transfer Co., 276 U. S. 518, 48 S. Ct. 404, 72 L. Ed. 681, 57 A. L. R. 426; Charleston & Western Carolina Ry. Co. v. Thompson, 234 U. S. 576, 34 S. Ct. 964, 58 L. Ed. 1476; Kansas City Southern Ry. Co. v. Van Zant, 260 U. S. 459, 43 S. Ct. 176, 67 L. Ed. 348; 10 C. J. 720. And in this circuit, Midland Valley R. R. Co. v. Jarvis et al., 29 F.(2d) 539, 61 A. L. R. 1064; Parramore v. Denver & R. G. W. Ry. Co., 5 F.(2d) 912; Smith v. Atchison, Topeka & S. F. R. R. Co., 194 F. 79; Gibson v. Kansas City Refining Co., 32 F. (2d) 658.

It is urged that this rule does not apply in the instant case, because the pass in question was a purely intrastate pass. But the rule that the federal courts, in such matters of general law, will exercise their own inde-

pendent judgment, applies equally to an intrastate pass, unless there is some state statute which controls. There is no such statute in Minnesota.

In Black & White Taxicab & Transfer Company v. Brown & Yellow Taxicab & Transfer Company, 276 U. S. 518, 530, 48 S. Ct. 404, 407, 72 L. Ed. 681, 57 A. L. R. 426, it is said:

"As respects the rule of decision to be followed by federal courts, distinction has always been made between statutes of a state and the decisions of its courts on questions of general law. The applicable rule sustained by many decisions of this court is that, in determining questions of general law, the federal courts, while inclining to follow the decisions of the courts of the state in which the controversy arises, are free to exercise their own independent judgment."

Upon this point decisions in federal jurisdictions are uniform, New York Central Railroad Company v. Mohney, 252 U. S. 152, 40 S. Ct. 287, 64 L. Ed. 502, 9 A. L. R. 496, is cited to the contrary but that case is readily distinguished because it involved an Ohio statute declaring such exemptions invalid. Furthermore, the continuity of the travel was broken for a period during which the passenger paid his fare with the intention thereafter of continuing his journey by pass. That this was the basis of the holding in the Mohney Case is evidenced by the following language of the syllabus:

"His purpose was to continue the journey, partly over a line of another carrier in Ohio on which he would pay fare, and thence over one of his company into another State by means of another pass, the terms of which were not disclosed by the evidence. Held, that his travel, at time of injury, was intrastate, so that the validity of the release depended on the laws of Ohio."

It was further held that the releasing clause on the pass did not cover or embrace the injury, which resulted from willful and wanton negligence. An effort is made by counsel for appellant to bring this case within the purview of this latter holding in the Mohney Case, but the issues framed, and the evidence adduced, furnish no support to the contention that the injury to decedent resulted from the willful and wanton negligence of the carrier. In the case at bar the passes were procured at the same time for the purpose of a complete and continuous journey from Seattle in the state of Washington to Wood Lake in the state of Minnesota. We are of opinion, therefore, that the decedent, Bush, was an interstate passenger, and that

for this reason also the rule prevailing in the courts of the United States has controlling application. It follows that the judgment below should be, and is, affirmed.