Pearl HOLEMAN, Administratrix of the
Estate of Floyd Holeman, Deceased,
Appellant,

v.

LOUISVILLE & NASHVILLE RAILROAD
COMPANY, Inc., Appellee.

Pearl HOLEMAN, Appellant,

v.

LOUISVILLE & NASHVILLE RAILROAD
COMPANY, Inc., Appellee.

Court of Appeals of Kentucky.

Oct. 3, 1958.

Rehearing Denied Jan. 16, 1959.

Parker W. Duncan, Duncan & Huddleston, Bowling Green, for appellant.

Robert P. Hobson, Woodward, Hobson & Fulton, Louisville, for appellee.

MILLIKEN, Judge.

The key question on this appeal is whether the carrier is absolved of liability for ordinary negligence by the provisions to that effect governing the acceptance of free passes by an employee and his wife.

Floyd Holeman, an employee of the Louisville & Nashville Railroad Company died as a result of injuries received when L & N Train No. 98, the northbound Pan American, was derailed near Nashville, Tennessee, on July 3, 1954. His wife, Pearl Holeman, was injured in the same accident. Both Mr. and . Mrs. Holeman were traveling from New Orleans to Louisville to visit their daughter on annual system passes, each of which provided: "The person accepting and using it thereby assumes all risk of accident to person or property." Both the action to recover for Mr. Holeman's death and the action to recover for Mrs. Holeman's injuries were disposed of by directed verdicts for the

Railroad and are consolidated on this appeal because controlled by the same law.

■ While Mr. Holeman was traveling on a Pullman pass and Mrs. Holeman on a half-rate Pullman ticket at the time of the accident, from which half-fare the Railroad may possibly have derived some profit, we do not consider that as establishing her as such a paying passenger as to vitiate the no liability proviso on her pass. The additional fact that the passes were not signed by the Holemans, as technically required for their acceptance, was disposed of in an analogous situation by Mr. Justice Brewer in Boering v. Chesapeake Beach Railway Company, 193 U.S. 442, 24 S.Ct. 515, 516, 48 L.Ed. 742, when he wrote: "Accepting this privilege, she was bound to know the condition thereof. * * * The duty rests rather upon the one receiving the privilege to ascertain those conditions. * * *"

■ We conclude that the circumstances of the present actions come clearly under the general rule reiterated in 1948, but not without a most persuasive dissenting opinion, by the Supreme Court in Francis v. Southern Pacific Company, 333 U.S. 445 68 S.Ct. 611, 92 L.Ed. 798, where, after reviewing prior opinions on the subject and subsequent Congressional amendments to the governing statute, the Hepburn Act (49 U.S.C.A. § 1(7)), the Court concluded that Congress had not wished to modify the Court's decisional law upholding the legality of the waiver of liability provision on employees' passes. Since the Federal law is controlling and our own decisional law is in accord therewith, Cincinnati, N. O. & T. P. Ry. Company v. Hansford, 305 Ky. 854, 205 S.W.2d 346, we conclude that the trial court ruled properly in directing verdicts for the Railroad on the facts of the present cases, because here the passes were customary gratuities to a faithful employee and his wife, and were not part of the consideration of employment, Francis v. Southern Pacific Company, above.

The judgments are affirmed.