**Anthony H. LUERSSEN, Plaintiff,**

v.

**SEABOARD AIR LINE RAILROAD,
Defendant.**

**Civ. No. 20140.**

United States District Court
E. D. New York.

April 16, 1962.

Paul J. Donnelly, Jr., Oyster Bay Cove, N. Y., by William A. Blank, Brooklyn, N. Y., of counsel, for plaintiff.

Willkie, Farr, Gallagher, Walton & Fitz Gibbon, New York City, by Raymond C. Murphy, New York City, of counsel, for defendant.

RAYFIEL, District Judge.

This is an action for the recovery of damages for personal injuries sustained by the plaintiff on January 14, 1959 when a train operated and controlled by the defendant, on which he was traveling from Fort Lauderdale, Florida, to New York City, was derailed near Poyner, Florida. Counsel stipulated that the issue of liability be tried first, to the Court alone, and, if decided favorably to the plaintiff, that the question of damages be then tried by the Court and a jury.

The plaintiff, who was employed by the Long Island Rail Road, had been given a free pass permitting him to travel on the defendant's railroad while on a pleasure trip. On January 5, 1959, some days prior to boarding the said train, he purchased pullman accommodations at the defendant's ticket office in Fort Lauderdale for which he paid approximately $26.00, which entitled him to the use of a roomette for the trip.

The pass issued to the plaintiff contained the following limitation of liability:

"The person accepting this free pass agrees that the SEABOARD AIR LINE RAILROAD COMPANY shall not be liable, under any circumstances, whether of negligence of agents or otherwise, for any injury to the person, or for any loss or damage to the property of the passenger using the same.

"I accept the above conditions and certify I am not prohibited by law from receiving free transportation and that this pass will be lawfully used."

■ It is well settled that the acceptance and use by a railroad employee, not in connection with his duties as such, of a free pass containing the aforementioned waiver of liability exempts the railroad issuing same from liability for *ordinary* negligence. See Francis v. Southern Pacific Co., 333 U.S. 445, 68 S. Ct. 611, 92 L.Ed. 798. Such waiver would be ineffective only if the pass were issued for a consideration, or if the accident occurred by reason of the *gross* negligence or *wilful* or *wanton* acts of the defendant.

■ The plaintiff has conceded in his brief "that the evidence in this case does not disclose any acts or omissions on the part of the defendant which would constitute gross, wanton or wilful negligence." He contends, however, that his *purchase* of the pullman accommodation from the defendant's agent constitutes payment for transportation in the pullman car, and renders void the said waiver of liability.

I disagree. The pass issued to the plaintiff provided him only with the right to travel on the train without payment of fare, and not with special accommodations. Preferring greater comfort, he purchased the ticket for the roomette. Although obtained through the defendant's agent, it was issued, not by the defendant, but by The Pullman Company, which owned, furnished and was paid for the facilities provided thereunder.

Research has revealed only one case in which a contention similar to that urged in the case at bar was raised. That was the case of Holeman v. Louisville & N. R. Co., Ky., 1959, 319 S.W.2d 47, at page 48, in which the court said, "While Mr. Holeman was traveling on a Pullman

pass and Mrs. Holeman on a half-rate Pullman ticket at the time of the accident, *from which half-fare the Railroad may possibly have derived some profit, we do not consider that as establishing her as such a paying passenger as to vitiate the no liability proviso on her pass."* (Emphasis added.)

Similarly, in the case at bar, the purchase by the plaintiff of the pullman ticket does not, in my opinion, establish him as a paying passenger, so as to negate the provisions of the pass limiting the liability of the defendant.

Accordingly, judgment is granted in favor of the defendant dismissing the complaint.

Submit, within ten days, findings of fact, conclusions of law and judgment in conformity herewith.