**Joseph UHLIK and Mary Uhlik, Plaintiffs-Appellants,**

**v.**

**PENN CENTRAL RAILROAD COM-PANY, Defendant-Appellee.**

**No. 71–1891.**

United States Court of Appeals, Sixth Circuit.

May 12, 1972.

Paul Mancino, Jr., Cleveland, Ohio, Mancino, Mancino & Mancino, Cleveland, Ohio, on brief, for plaintiffs-appellants.

Thomas R. Skulina, Cleveland, Ohio, for defendant-appellee.

Before WEICK and MILLER, Circuit Judges, and RUBIN,* District Judge.

PER CURIAM.

Plaintiffs are husband and wife. They sustained personal injuries while riding in a passenger train of New York Central Railroad Company, when the car in which they were riding was derailed; they were riding under a free pass issued by the Railroad Company.

Plaintiffs filed suit against the Railroad Company in the District Court, to recover damages for the personal injuries which they sustained. The complaint set forth four specifications of ordinary negligence which they alleged was the proximate cause of their injuries.

The husband had been laid off from his employment but he could not recall the exact date of his lay-off. Both hus-

---

* The Honorable Carl B. Rubin, Judge of the United States District Court for the Southern District of Ohio, sitting by designation.

band and wife had passes which provided as follows:

"Each person accepting and using this free pass thereby assumes all risk of injury or death, and loss of or damage to property; expressly releases The New York Central Railroad Company (and any other company or railroad on whose property or trains this pass may be honored), referred to herein as the 'Company', from all liability therefor whether caused, or contributed to, by the negligence of the Company, its officers, agents or employees, or otherwise; agrees that this pass is given gratuitously and forms no part of the consideration for his or her services and that the Company shall not be considered as a common carrier or liable as such with respect to the use of such pass; and declares that he or she is not prohibited by law from receiving free transportation and that this pass will be lawfully used."

The Court had denied the Railroad Company's motion for summary judgment, which motion was heard on a stipulation, interrogatories and affidavits. The Court then heard evidence without impaneling a jury as had been demanded, and held that the provisions of the pass were valid and precluded recovery. The Court dismissed the complaint.

The validity of a pass issued by an interstate carrier is determined by federal law. It has long been settled that provisions of free passes exempting the railroad company. from liability for ordinary negligence, are valid. Francis v. Southern Pac. Co., 333 U.S. 445, 68 S.Ct. 611, 92 L.Ed. 798 (1948); Kansas City So. Ry. Co. v. Van Zant, 260 U.S. 459, 43 S.Ct. 176, 67 L.Ed. 348 (1923); Charleston & W. Carolina Ry. Co. v. Thompson, 234 U.S. 576, 34 S.Ct. 964, 58 L.Ed. 1476 (1914); Boering v. Chesapeake Beach Ry., 193 U.S. 442, 24 S.Ct. 515, 48 L.Ed. 742 (1904); Northern Pac. Ry. Co. v. Adams, 192 U.S. 440, 24 S.Ct. 408, 48 L.Ed. 513 (1904); Gon-

zales v. Baltimore & Ohio R. R., 318 F. 2d 294 (4th Cir. 1963).

There was no proof of consideration for issuance of the pass, and no evidence was offered to support any claim that the Railroad Company was guilty of willful and wanton misconduct, which was not even pleaded.

While we do not approve of the procedures adopted by the District Court, it is clear to us that even if a jury had heard the case it would have been the duty of the Court to direct a verdict in favor of the defendant.

Affirmed.