|  |  |
|---|---|
| 88 | 347 |
| 114 | 684 |
| 88 | 347 |
| 137 | 593 |
| ;137 | 602 |
| ;137 | 608 |

THE DETROIT UNION RAILROAD DEPOT & STATION COMPANY v. THE CITY OF DETROIT AND CHARLES K. TROMBLY.

*Depot companies—Taxation—Grain elevator.*

A grain elevator erected upon its property by a union depot company organized under the union depot act of 1881 (How. Stat. chap. 93), and used as a grain warehouse in connection with. its general business as a common carrier, is a necessary part of the equipment, and is not liable to taxation under the *general tax law* of the State.

Appeal from Wayne. (Reilly, J.) Argued October 28, 1891. Decided November 13, 1891.

Bill to restrain the sale of property for taxes, and

to vacate an assessment. Defendants appeal. Decree affirmed. The facts are stated in the opinion.

*F. A. Baker* (*James F. Joy*, of counsel), for complainant.

*E. Minock* (*J. J. Speed*, of counsel), for defendants.

GRANT, J.   The complainant is organized under Act No. 244, Laws of 1881 (How. Stat. c. 93).

Among the general powers conferred. by this act upon corporations organized under it is the following:

" To erect and maintain all necessary and convenient buildings, stations, depots, and fixtures for the accommodation and use of passengers, and of freight and other business within the purpose of its organization." Section 4, subd. 5.

Section 21 provides that such corporations shall pay an annual tax of $2\frac{1}{2}$ per cent. upon their gross earnings, said tax to be in lieu of all other taxes upon their property, except such real estate as is owned and can be conveyed by them under the laws of the State, and not actually occupied in the exercise of their franchises, and not necessary for the proper use thereof.

The complainant erected an elevator upon its property in the city of Detroit, on the bank of the Detroit river. The city of Detroit in the year 1889 placed this elevator upon the general assessment roll for said city, and assessed the same for general city purposes to the amount of $3,711.97.   Complainant refused to pay, and the defendants were proceeding to a sale of the property, when this bill was filed to restrain the sale. Decree was entered for the complainant.

The decree was correct. It is altogether too narrow a construction of this statute to hold that an elevator is not included in the provision of the law above quoted. This elevator is as essential and necessary· to the com-

plainant in the handling of its grain as is its depot for the use of passengers, or its freight depot for the handling of the general merchandise it carries. It is complainant's grain depot, used in the business of transportation, and only used as a warehouse in connection with its regular business as a common carrier. The Legislature evidently understood an elevator to constitute a necessary part of complainant's equipment, for section 29 of the act provides for the rate of compensation which companies organized under it may charge and receive for elevator service. How. Stat. § 3486. The assessment of this tax was therefore illegal and void.

Decree affirmed, with costs of both courts.

CHAMPLIN, C. J., MORSE and LONG, JJ., concurred. McGRATH, J., did not sit.