KATE WILDER, Appellant, v. PENNSYLVANIA RAILROAD
COMPANY et al., Respondents.

Carriers — railroads — passengers — contract — provision in
pass whereby donee assumes all risk of personal injury not
a release — not applicable to joint tort feasor unless contract
expressly or by implication so provides — agreement impliedly
includes facilities of connecting railroads and affords them
protection from liability.

1. A railroad pass containing the clause " in consideration of the
issuance of this free pass, I hereby assume all risks of personal injuries
and all loss of or damage to property from whatever causes arising,
and release the Company from liability therefor," has none of the
elements of a release. It is an agreement not to sue and speaks for
the future, not the present or past. It does not apply, therefore, to
a joint tort feasor unless the contract expressly or by implication
so provides.

2. In an action, however, to recover for personal injuries
alleged to have been sustained by the holder of such a pass from a
fall on the slippery floor of the waiting room in a station used by the
issuing railroad but owned by another connecting railroad, a defense
set up in the answer of the latter, that by acceptance of the pass
plaintiff had assumed the risk of personal injury in its station, is
sufficient. The agreement made with the issuing railroad included
and was made for the benefit of all connecting companies and roads
on or over which plaintiff would travel by reason and by virtue of
her pass. The meaning and purport of the agreement was that,
because of the free use of facilities, the plaintiff assumed all risks of
injury while using the pass between the points designated. Impliedly
it included not only the facilities of the issuing company but of the
connecting lines. The contract was a single contract to travel all
the way and afforded protection to all the lines contributing to that end.

Wilder v. Pennsylvania R. R. Co., 217 App. Div. 661, affirmed.

(Argued March 2, 1927; decided March 29, 1927.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial
department, entered July 6, 1926, which affirmed an
order of Special Term denying a motion by plaintiff to
strike out a separate defense set up in the answer.

The following question was certified:

" Is the separate and independent defense alleged in paragraph 10 of amended answer of the defendant Pennsylvania Tunnel and Terminal Railroad Company sufficient in law upon the face thereof? "

*R. Randolph Hicks* and *Thomas F. Compton* for appellant. The pass issued to the plaintiff was a covenant not to sue and not a technical release. (*Rowley* v. *Stoddard*, 7 Johns. 207; *Dewey* v. *Derby*, 20 Johns. 462; *Catskill Bank* v. *Messenger*, 9 Cow. 37; *Frink* v. *Green*, 5 Barb. 455; *Ervine* v. *Milbank*, 56 N. Y. 635; *Hillas* v. *Fuller*, 143 N. Y. Supp. 15.) To interpret the pass as a release does not accord with the intent of the parties nor with the modern tendency to mitigate the harshness of the common-law doctrine that the release of one joint tort feasor releases all. (*Gilbert* v. *Finch*, 173 N. Y. 455; *Walsh* v. *Hanan*, 193 App. Div. 580; *Hirschfield* v. *Alsberg*, 47 Misc. Rep. 141; *Dwy* v. *Connecticut Company*, 89 Conn. 74; *Sherburne* v. *Goodman*, 44 N. H. 271; *Emerson* v. *Ziegfeld*, 22 Penn. Super. Ct. 79; *Walsh* v. *N. Y. C. & H. R. R. R. Co.*, 204 N. Y. 58.)

*Morton L. Fearey* for respondents. The defendants are sued as joint tort feasors. (*Anderson* v. *Erie R. R. Co.*, 223 N. Y. 277; *Kansas City Southern Ry. Co.* v. *Van Zant*, 260 U. S. 459; *Hester* v. *Manhattan Bridge Three-Cent Line*, 214 App. Div. 534; *Santa Fe Ry.* v. *Grant Bros.*, 228 N. Y. 177.) The release of one joint tort feasor releases the other. (*Walsh* v. *N. Y. C. & H. R. R. R. Co.*, 204 N. Y. 58; *Muse* v. *De Vito*, 243 Mass. 384; *Dwy* v. *Connecticut Co.*, 89 Conn. 74; *Post* v. *Thomas*, 180 App. Div. 627.) Where a contract for through transportation contains valid limitations of liability which are not in terms confined to the initial or contracting carrier, such limitations inure to the benefit of a connecting carrier. (*Manhattan Oil Co.* v. *Camden & Amboy Railroad & Transp. Co.*, 54 N. Y. 197; *Burke* v. *Union Pacific Railroad Co.*, 178 App. Div. 783; *Hall* v. *North Eastern*

*Ry. Co.*, L. R. [10 Q. B.] 437; *Bicknell* v. *Grand Trunk Ry. Co.*, 26 Ontario App. 431.)

CRANE, J. The plaintiff on July 9, 1921, fell on a soapy and slippery floor of the waiting room of the Pennsylvania station, owned by the defendant Pennsylvania Tunnel and Terminal Railroad Company, in the city of New York, and was injured. She was on the premises for the purpose of boarding a train to Norfolk, Virginia, and was to ride on a pass issued by the Pennsylvania Railroad Company, the other defendant, which read as follows:     " Not Transferable

" PENNSYLVANIA SYSTEM

" Eastern Region                              Central Region
" Northwestern Region                Southwestern Region .
                                            ." *May 28th*, 1921 c.
" Pass Mrs. L. M. Wilder and Sons Stanley,
" Clerk
" Acct. S. A. L. Ry.
" To Washington D. C. or Norfolk, Va.
" From New York, N. Y.
     " Good for one trip until August 28, 1921. Not good on Main line trains Nos. 2, 5, 28, 29, 30, and 31 and Congressional Limited Trains Nos. 127 and 130.
     " Resident Norfolk, Va. Requested by S. D. W.
     " Valid· when countersigned by I. A. Miller, W. W. Wells and Thos. Z. Heston.
" Countersigned
" THOS. Z. HESTON                         ELISHA LEE

     " In consideration of the issuance of this free pass, I hereby assume all risks of personal injuries and all loss of or damage to property from whatever causes arising, and release the Company from liability therefor, and I hereby declare that I am not prohibited by law from receiving free transportation and that this pass will be lawfully used.
" BK31184              Sgd. MRS. KATE WILDER "

This statement thus far is taken word for word from the appellant's brief, as the facts which she desires to have us consider in passing upon the pleadings in this case. We, therefore, should not ignore them. She also states that they are the facts " as set forth in the complaint and reviewed by the court below." Her statement is supported by the opinion of the Appellate Division which contains this copy of the pass.

I mention this matter at the outset for the reason that the pleadings do not set forth the pass in full. The amended answer under review alleges that according to the pass on which the plaintiff was traveling, issued by the Pennsylvania Railroad Company, she assumed all risk of personal injury, and released both companies from liability. The pass thus referred to is that transcribed above. The appellant says so, and we must assume it. We must consider the sufficiency of the answer, therefore, as though the pass itself was fully set forth therein.

It is apparent from this amended answer that the pleader considered this pass a release, and that the release of the Pennsylvania Railroad Company released as a joint tort feasor the Pennsylvania Tunnel and Terminal Railroad Company. This was the ground of the decision below. In our opinion this view is untenable. The pass had none of the elements of a release. It was an agreement not to sue, made in consideration of the free use of railroad facilities. There was no claim in existence to be released at the time it was given. It spoke for the future, not the present or past. No liability existed, consequently there was none to be released. This contract, therefore, made on sufficient consideration with the Pennsylvania Railroad Company, did not apply to a joint tort feasor unless the contract expressly or by implication so provided. (*Morgan* v. *Smith,* 70 N. Y. 537; *Barrett* v. *Third Avenue R. R. Co.,* 45 N. Y. 628; *Gilbert* v. *Finch,* 173 N. Y. 455, 466; *Anderson* v. *Erie R. R. Co.,* 223 N. Y. 277; *Berry* v. *Pullman Co.,* 249 Fed. Rep. 816; Williston on Contracts, sect. 1820.)

. We think, however, that the agreement made with the Pennsylvania Railroad Company included and was made for the benefit of all connecting companies and roads on or over which the plaintiff would travel by reason and by virtue of her pass; that is, in going from New York to her destination the agreement accompanied and attached to the use of the pass in behalf of that company giving the service or transportation. We must view this contract in the light of all the circumstances and the allegations in the pleadings.

The complaint alleges that the two defendants were the owners and in possession of the Pennsylvania Railroad station at Seventh avenue, New York city. Paragraph fourth thereof reads as follows:

" That, prior to the 9th day of July, 1921, the defendant, The Pennsylvania Railroad Company, its agents, servantsi and employees, had ssued and given to the plaintiff a pass entitling the plaintiff, as a passenger, to one continuous passage from New York City, New York, to Norfolk, Virginia, on passenger trains operated by the defendant The Pennsylvania Railroad Company over and upon the railroad of the said defendant *and over and upon the railroads of connecting carriers, including the railroad of defendant Pennsylvania Tunnel and Terminal Railroad Company,* and authorizing and permitting the plaintiff as such passenger to ride upon passenger trains operated by the defendants and by connecting carriers between New York City and Norfolk, Virginia; and the plaintiff was at said time the true and lawful holder of said pass."

The defendant Pennsylvania Tunnel and. Terminal Railroad Company admitted that it was the owner of the Pennsylvania Railroad station in the borough of Manhattan, city of New York, and alleged and set up as a separate and independent defense the pass issued as above set forth, whereby the plaintiff assumed all risk of personal injury in consideration thereof.

The meaning and purport of this agreement was that because of the free use of facilities, the plaintiff assumed all risks of injury while using the pass between New York and Norfolk, Virginia. Impliedly, the agreement included not only the facilities of the Pennsylvania Railroad Company, but of the connecting lines. It had the same effect as if the Pennsylvania railroad owned the station and operated a railroad to the plaintiff's destination. The contract was a single contract to travel all the way, and afforded protection to all the lines contributing to that end.

The paragraph quoted from the complaint says that the plaintiff by the pass was entitled to a continuous passage over connecting railroads, including the railroad of the Pennsylvania Tunnel and Terminal Railroad Company. We take it that the word " railroad " does not exclude depot, and that this pass applies to stations and depots of the defendants in going to and from New York and Norfolk, Virginia, as well as traveling over the rails and roadbeds. In fact, no such point is made by the appellant.

The plaintiff, therefore, concedes by these allegations that her pass entitled her to the use of the Pennsylvania Railroad depot, its waiting rooms and the passage through its gates to the trains. The station and the waiting room were part of the connecting railroad which the plaintiff could use free of charge by reason of her agreement with the Pennsylvania Railroad Company. This she alleges in her complaint. While using this pass, therefore, she assumed all risks of personal injury. This assumption or agreement relieved the company owning and operating the station of liability. By fair implication, if not by express words, it shared the benefits as well as the responsibilities of the pass. In making the contract, the Pennsylvania railroad was the agent of these connecting lines. This is the view taken in *Hall* v. *North Eastern Railway Co.* (L. R. 10 Queen's Bench, 437); *Bicknell* v.

*Grand Trunk Railway Company* (26 Ontario App. 431, 448). In the former case the contracting carrier's car was attached to the defendant's train at an intermediate point, beyond which the plaintiff was injured in a collision; that is, the defendant was a connecting carrier and not the contracting carrier. BLACKBURN, J., said:

"It is clear that this is the true construction of the ticket: 'In consideration of my being carried the whole way free of charge I agree that I shall be traveling the whole way at my own risk;' and it seems to me that the plaintiff did authorize the North British Company to contract for him with the North Eastern Company, and what he authorized was that he should travel at his own risk."

This view of the relationship is further emphasized in this particular case by considering the pass itself, as we can do in view of what I have above stated. The pass is headed "Pennsylvania System," not "Pennsylvania Railroad." As the station in Manhattan, New York city, is part of the Pennsylvania system, it was apparently the express intention of the parties to include the station and its owner, part of the Pennsylvania system, within the privileges and obligations of the agreement.

For the reasons here stated, the orders below should be affirmed, with costs, and the question certified answered in the affirmative, giving to the amended answer the meaning and fullness herein stated.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.