We recommend that the first certified question be answered in the negative. An answer to the second question is unnecessary.

CURETON, C. J.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

## DEW v. AMERICAN RIO GRANDE LAND & IRRIGATION CO.
### No. 1133—5413.

Commission of Appeals of Texas, Section B.
March 12, 1930.

M. L. Dew, of Weslaco, and Neal A. Brown and J. F. Carl, both of Edinburg, for plaintiff in error.

D. W. Glasscock, of Mercedes, L. J. Polk, of Pharr, and West & Hightower, of Brownsville, for defendant in error.

LEDDY, J.

Defendant in error, an irrigation company organized under article 5002, R. S. 1911, was the owner of approximately 100,000 acres of riparian land, lying on the Rio Grande river in Hidalgo and Cameron counties, upon which it had constructed an irrigation system consisting of canals, ditches, laterals, etc. The water used by it for irrigation purposes was obtained from the Rio Grande river. Many years ago it began to sell off various tracts of its lands under deeds, which granted the purchaser certain water rights. Plaintiff in error acquired a small tract of this land under a title thus emanating from defendant in error. All of the deeds executed by defendant in error contained the following clause: "It is understood the company's reservoirs, canals, branch canals, laterals, and ditches, and the embankments thereof, are of earthern construction and unlined, with gates and other structures of concrete, metal, wood and other materials, embedded in and through such embankments; and is agreed the company shall not be required to change the type or character of materials of such construction, and shall only be required to use reasonable care in the maintenance and operation thereof as now constructed. It is understood that breaks, leaks, seepage, and overflow, will and must occur therefrom, and are and will be incident to such maintenance and operation thereof; and it is agreed that the Grantee shall and does waive all loss and damage to the lands herein conveyed and any crops grown thereon caused thereby, and that the company shall not be or become liable in any manner therefor."

Plaintiff in error challenges the correctness of the ruling of the trial court in sustaining a general demurrer to a petition in which he sought to recover damages for injury to his land caused by seepage which was alleged to have resulted from the defendant in error's negligent operation and maintenance of its irrigation canals and ditches.

In the petition to which demurrer was sustained, plaintiff in error did not specifically plead the deed containing the above stipulation, but merely referred to same in a general way. Such deed was, however, fully set forth in defendant in error's answer and its execution admitted in plaintiff in error's supplemental petition. Aside from this, the record shows that upon the trial it was agreed by the parties that plaintiff in error's cause of action was subject to the terms of such deed.

In such state of the record, we are authorized to consider the validity of the stipulation, as affecting the cause of action pleaded by the plaintiff in error, the same as if it had been fully embodied in his petition. Wilder v. Pennsylvania R. Co., 245 N. Y. 36, 156 N. E. 88, 52 A. L. R. 188.

In the case cited it was held that the trial court in ruling on a general demurrer to plaintiff's petition properly considered a document not contained therein, but fully set forth in the answer where the execution thereof was duly admitted by the plaintiff.

Plaintiff in error does not complain because the court considered his petition as if the deed containing the stipulation in question had been fully pleaded by him, but confines himself to an attack on the stipulation relied upon as being against public policy and void as an agreement by which the defendant in error seeks to relieve itself of liability resulting from its own negligence.

The situation of the irrigation company was that it was the owner of a large body of land upon which it had constructed an irrigation system consisting of dirt canals and ditches. It was desirous of operating this system without going to the large expense of reconstructing or lining its canals and ditches with concrete. By the stipulation in its deeds to purchasers they were no-

tified that the land was sold to them under the express condition that the existing irrigation system was intended to be maintained without reconstruction and that under such system there would necessarily be seepage from the canals and ditches and that the purchaser of such land must agree to take the same subject to such damages as might result from the prudent operation of that particular type of irrigation system.

■ It will be observed, however, that the agreement relied upon to defeat plaintiff in error's cause of action does not go to the extent of exempting the irrigation company from damages, even from seepage, if the same results from the negligent operation or maintenance of its existing system, as it is expressly stated in the agreement that the company "shall only be required *to use reasonable care in the maintenance and operation thereof as now constructed.*" We think this stipulation effectually prevents defendant in error from claiming exemption from liability for damages resulting to an adjacent landowner from its failure to exercise reasonable care in the operation and maintenance of the existing irrigation system.

We are not considering a case where an irrigation company has attempted to limit its liability in the performance of its functions as a public corporation in furnishing water service to a landowner who has not acquired his property from the irrigation company subject to a stipulation similar to that here involved. If such company should attempt, in making a contract with such landowner for water service, to exempt itself from liability for its negligence in the performance of such duty, then a different question would be presented from that which we are now considering.

■ Under the construction thus given the stipulation in question, does plaintiff in error's petition state a cause of action as against a general demurrer? We think it does. He alleged in his petition that the defendant in error negligently maintained its canal adjacent to his land by permitting a deep hole therein to remain full of water to such an extent as to cause seepage to percolate his land, practically destroying its market value. It was also alleged, in general terms, that the defendant in error negligently permitted an unreasonable amount of water to stand in its ditches, but for which his land would not have been injured. While the allegations with reference to negligence were in very general terms and subject to special exception, we think they were sufficient as against a general demurrer to state a cause of action, and the trial court erred in not so holding.

■ Upon the trial of the case, plaintiff in error should not be permitted to recover damages for any injury to his land caused by seepage necessarily incident to the operation of an irrigation system with dirt canals and ditches. He should be confined to a recovery of such damages as has alone resulted from some negligent act on the part of defendant in error in maintaining or operating this particular type of irrigation system.

In view of the trial of the case upon the merits, it becomes necessary to pass upon the question as to whether the stipulation as to the giving of notice by plaintiff in error is sufficient to bar his recovery, if it should be shown that such notice was not given in accordance therewith.

The deed in the title under which plaintiff in error claimed contained this provision: "No claim for damages arising out of or based upon any failure or default of the company in respect to any of its duties or obligations described in clause (b) of paragraph 'Thirteenth' hereof shall be enforceable against the company unless the Grantee shall give notice in writing of such claim and the amount thereof to the company within and no later than six months after the date of the act or default complained of or the accrual of such claim, and giving of such notice within said time shall be a condition precedent of the right to sue the company therefor."

Section (b) of paragraph 13, referred to, is as follows: "It is agreed the duties and obligations of the company herein in respect to * * * (b) the water rights herein provided for and the furnishing of water and irrigation service as herein set forth are distinct, separate and independent, etc."

■ It will be noted that the cause of action for which notice is required is not as to seepage from canals, but has reference to causes of action arising under its contract to furnish water to the landowners, hence has no application to the cause of action asserted by plaintiff in error, which is one for damages resulting from seepage caused by the negligent operation and maintenance of defendant in error's canals and ditches.

We therefore recommend that the judgments of the trial court and the Court of Civil Appeals be reversed, and the cause remanded for another trial.

CURETON, C. J. Judgments of the trial court and Court of Civil Appeals reversed, and cause remanded to the trial court.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.