W. T. Treadway, Respondent, v. Terminal Railroad Association of St. Louis, a Corporation, Appellant.—84 S. W. (2d) 143.

St. Louis Court of Appeals. Opinion filed July 2, 1935.

Opinion Modified; Respondent's Motion for Rehearing Overruled July 16, 1935.

*T. M. Pierce, J. L. Howell* and *Walter N. Davis* for appellant.

*Buder & Buder, G. A. Buder, Jr.,* and *Frederick A. Judell* for respondent.

BECKER, J.—Plaintiff recovered judgment against defendant in his action for the value of certain baggage which had been transported by the Missouri, Kansas & Texas Railroad Company from Houston, Texas, to St. Louis, Missouri, and upon arrival delivered by said railroad company to the defendant Terminal Railroad Association of St. Louis, at Union Station in St. Louis, Missouri, for safe keeping and delivery to plaintiff, and which baggage was never delivered though due demand was made by plaintiff.

On March 27, 1931, plaintiff and his wife were at the Rice Hotel in Houston, Texas. Plaintiff had purchased two tickets for transportation by the Missouri, Kansas & Texas Railroad Company from Houston, Texas, to St. Louis, Missouri. Plaintiff called the porter of the hotel to get his baggage and have the same checked to St. Louis. The hotel porter, upon checking the same for transportation as baggage for the plaintiff, signed a declaration and stipulation in plaintiff's name, that the value of the baggage did not exceed one hundred dollars, and that in case of loss or damage to such property "claim will not be made for a greater amount." Later, when plaintiff left the hotel, he received from the head porter his railroad ticket and the baggage check of the Missouri, Kansas & Texas Railroad Company.

Plaintiff's baggage was carried by the Missouri, Kansas & Texas Railroad Company to St. Louis, Missouri, and arrived at the Union Station at about ten o'colck on the evening of March 28, 1931. The baggage was there turned over by the baggage man of the train to a representative of the defendant Terminal Railroad Association of

St. Louis, who gave the baggage man a receipt for the same in the name of Dennis O'Toole, railroad baggage agent of the Terminal Railroad Association. Plaintiff went to claim his baggage at Union Station on March 29, 1931, at about nine o'clock A. M. Defendant was not able to locate the baggage and it was never delivered to plaintiff.

Defendant's answer in the case alleges that the transportation of plaintiff's baggage was interstate and was controlled by the Act of the Congress of the United States regarding interstate commerce, and by the rates and tariffs filed with the Interstate Commerce Commission; that the Missouri, Kansas & Texas Railroad Company, prior to March 27, 1931, had filed with the Interstate Commerce Commission its local and joint tariffs relative to baggage rules, regulations, rates and charges applying in connection with the transportation of baggage and other articles and property as classified at and between stations on the lines of the issuing, initial and participating carriers, and from stations on such lines to other destinations in the United States and foreign countries, and which tariffs were in full force on March 27, 1931, and prior thereto and thereafter; that said tariffs or schedule of rates referred to, filed with the Interstate Commerce Commission as aforesaid, contains among its provisions as to the transportation of baggage and the liability of defendant therefor, that baggage not exceeding one hundred and fifty pounds in weight and not exceeding one hundred dollars in value, may be checked without additional charge for each adult passenger; and that unless a greater sum is declared by the passenger and charges paid for the excess baggage at the time of delivery to carrier, the value of baggage or property checked for a passenger shall be deemed and agreed to be not in excess of the amount of one hundred dollars, and that the carrier issuing and participating in this tariff shall not assume liability for a greater sum in case of loss or damage.

Plaintiff's reply was a general denial.

At the trial of the case, upon objection by plaintiff, defendant was not permitted to introduce the tariffs pleaded in defendant's answer as having been filed with the Interstate Commerce Commission, and the court further excluded testimony offered by defendant on the question of agency of the defendant in handling plaintiff's baggage for the Missouri, Kansas & Texas Railroad Company.

The uncontroverted value of the baggage and its contents at the time of the loss was the sum of $849, for which amount, with interest and costs, the trial court, a jury having been waived, entered judgment for the plaintiff.

The only issue raised here on appeal is one of law, namely, whether plaintiff's recovery is limited in amount to the one hundred dollars set out in the declaration of value, signed by the hotel porter in

Houston at the request of the Missouri, Kansas & Texas Railroad Company, or by the tariffs published by the Missouri, Kansas & Texas Railroad Company under which the baggage was transported from Houston, Texas, to St. Louis, Missouri, which tariffs, as indicated above, the defendant sought to introduce in evidence but which, upon objection by plaintiff, were excluded by the trial court.

Appellant Terminal Railroad Association of St. Louis insists here on appeal, as set out in its answer in the trial court below, that the recovery of plaintiff should be limited to the sum of one hundred dollars in value in that at the time of plaintiff's alleged loss of the baggage the Missouri, Kansas & Texas railroad company had published and filed with the Interstate Commerce Commission certain schedules giving the rates, fares and charges for transportation, etc., including all terminals, storage and other charges, under which schedules the liability of the defendant railroad association under the facts in the instant case was limited to one hundred dollars; and that the action of the trial court in refusing to permit such schedules to be introduced in evidence was error prejudicial to the rights of the said defendant railroad association. In our view the point is well taken.

It is no longer open to question but that the limitation of liability of carriers for passengers' baggage is covered by the Interstate Commerce Act and the Carmack Amendment to the Hepburn Act, June 29, 1906, c. 3591, 34 Stat. 584, 586. Under sec. 6 of the Interstate Commerce Act carriers must include in the schedules of rates filed, regulations affecting passengers' baggage, and the limitations of liability as well as a provision in the tariff schedules that a passenger must declare the value of his baggage and pay the stated excess charges for excess liability over the stated value to be carried free, is a regulation within the meaning of secs. 6 and 22 of the Interstate Commerce Act, and as such is sufficient to give the passenger notice of such limitation. [Boston & Maine Ry. Co. v. Hooker, 233 U. S. 97, 34 S. Ct. 526, L. Ed. 868.] Under the pleadings in the case the said tariff schedules were admissible in evidence and the court erred in excluding them. [N. Y. Ry. Co. v. Beham, 242 U. S. 148, 37 S. Ct. 43, 63 L. Ed. 210; Southern Express Co. v. Byers, 240 U. S. 612, 36 S. Ct. 410, 60 L. Ed. 825.]

But respondent insists that appellant was not entitled to invoke against him any limitation of liability which might have been available to the Missouri, Kansas & Texas Railroad Company because the appellant Terminal Railroad Association, for the purpose of storing the baggage of interstate passengers, is not a common carrier subject to the regulations under the Act regulating interstate commerce.

We have examined the cases which respondent has cited in sup-

port of this contention and find no one of them in point. They are cases dealing with baggage being transferred from a terminal depot to some specified residence or place of business. In such cases it is obvious that the contract of carriage had been completed when the baggage was claimed at the terminal depot, and the cases are therefore not in point. But here the contract of carriage of the passenger and his baggage was interstate and included holding of the baggage at the Union Station in St. Louis for a period of twenty-four hours after its arrival there. Since the loss of the baggage admittedly occurred prior to the lapse of the twenty-four hours after its arrival at the Union Station in St. Louis—for plaintiff himself demanded the baggage prior to that time—the Missouri, Kansas & Texas Railroad Company, and the defendant as its agent in the handling of plaintiff's baggage at Union Station at St. Louis, are entitled to the benefit of the contract of carriage which included the transportation of the baggage in question under the provisions of the Interstate Commerce Act, and such baggage tariffs, if any, which may have been included in the tariffs filed by the Missouri, Kansas & Texas Railroad Company with the Interstate Commerce Commission.

We have not overlooked respondent's contention that the appellant in this case is answerable to the respondent for the loss of his baggage as a warehouseman and not as a carrier, and that the appellant at no time occupied the position of a common carrier with relation to the baggage, but that its first connection therewith was when it received the same from the baggage car of the Missouri, Kansas & Texas Railroad Company in the Union Station at St. Louis, giving its receipt therefor to the railroad company, and that, therefore, the relation of the defendant to the baggage was purely intrastate.

We have pointed out above that the defendant in receiving the baggage from the baggage car of the railroad company in the Union Station, received it while the baggage was still in interstate commerce because the contract of carriage provided not alone for the carrying of the baggage to the Union Station at St. Louis, but for the holding of the baggage for the call of the passenger therefor for a period of twenty-four hours after its arrival at the Union Station. Therefore the duty of the carrier had not terminated, and liability with respect to plaintiff's baggage was still determinative under the Interstate Commerce Act and not under the rules applying to warehousemen.

Union terminals have been frequently before the courts for consideration, and have always been recognized and approved as legitimate agencies in the work of railroad transportation. [U. S. v. Term. Ry. Assn. of St. Louis, 224 U. S. 383; State v. Term. Ry.

Assn., 182 Mo. 284, 1. c. 299, 81 S. W. 395; Birdwell v. Gate City Term. Co. (Ga.), 10 L. R. A. (N. S.) 909; Indianapolis Union Ry. Co. v. Cooper, 6 Ind. App. 202; Mayor v. Ry. Commissioner, 113 Mass. 161; Union Depot Co. v. Morton, 83 Mich. 265; Detroit Station v. Detroit, 88 Mich. 347; State v. St. Paul Union Depot Co., 42 Minn. 142; Riley v. Union Station Co., 71 S. Car. 457; Ryan v. Term. Co., 102 Tenn. 124; Joy v. St. Louis, 138 U. S. 1; C. R. I. & P. Ry. Co. v. Union Pac. Ry. Co., 47 Fed. Rep. 15; S. Ct. 51, Fed. Rep. 309, 163 U. S. 564.] And the Terminal Railroad Association of St. Louis and its subsidiaries have been directly held to be a common carrier by railroad, and like the proprietary companies, are subject to regulation by the Interstate Commerce Commission. [Term. Ry. Assn. of St. Louis v. U. S., 266 U. S. 17, 1. c. 31.]

The defendant was not permitted to adduce proof that the service it rendered in taking possession of plaintiff's baggage upon its arrival at the Union Station for the purpose of holding same until delivery thereof to plaintiff, was under contract with the various railroad companies (including the Missouri, Kansas & Texas Railroad Company), as agent for them and not on its own account. How respondent can justify this exclusion in light of the fact that it sought to hold the defendant company as warehouseman upon the theory that the defendant company, in rendering its service, was an independent contractor, is not made clear to us, and with this issue raised by the plaintiff the exclusion of the testimony offered by defendant below was error.

What effect, if any, the ruling in the case of Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. Dettlebach, 239 U. S. 588, that upon the facts in that case the limitation of liability of the railroad company to the shipper applied not only to the railroad company as a carrier while the goods were in transit, but also to its responsibility as a warehouseman while holding the goods in storage after arrival at destination, may have when all competent evidence shall have been introduced in the event of another trial of this case, is obviousy not before us.

For the errors noted the judgment is reversed and the cause remanded. *Hostetter, P. J.,* and *McCullen, J.,* concur.