## STEVENS v. COLOMBIAN MAIL S. S. CORPORATION et al.

District Court, S. D. New York.

May 19, 1936.

Adele I. Springer, of New York City (George Gordon Battle, of New York City, of counsel), for libelant.

Burlingham, Veeder, Clark & Hupper, of New York City (Roscoe H. Hupper, of New York City, of counsel), for respondents Colombian S. S. Co., Inc., and Colombian Mail S. S. Corporation.

Lorenz J. Brosnan, of New York City (William F. Martin, of New York City, of counsel), for respondent Timm.

PATTERSON, District Judge.

The libelant brought suit in admiralty to recover for personal injuries suffered

while a passenger on the steamship Colombia. The vessel was owned by respondent Colombian Mail Steamship Corporation and operated by an allied company, respondent Colombian Steamship Company. The third respondent, Timm, was port surgeon of the operating company.

The libelant asked for and received a pass which gave her free transportation on the steamship. The charge for meals and berth was not included in the pass; for these items she paid $90. The pass had printed on it in legible letters: "This pass is not transferable and is given only on condition that the user assumes all risk of personal injury, loss of life and loss of or damage to property however caused, and expressly agrees that the Company shall not be liable under any circumstances, whatsoever, and whether or not there be negligence on the part of the Company or its agents or servants, for injury to the person or loss of life, or for loss of or damage to property."

The first count is for injuries from a fall on the boat deck, said to have been the result of the carrier's negligence. The second and third counts are for alleged negligent medical treatment and inadequate nursing subsequent to the accident. It is unnecessary to determine whether the carrier was negligent toward the libelant as to any of these matters, because in any event the condition in the pass exempting the carrier from liability for negligence is a bar to recovery.

A steamship company, like other common carriers, is held to a high measure of care toward passengers. Maibrunn v. Hamburg-American S. S. Co., 77 F.(2d) 304 (C.C.A.2); The Arabic, 34 F.(2d) 559 (D.C.N.Y.). The duty runs in favor of nonpaying passengers where the carrier accepts them without exacting any conditions respecting their transportation. The New World v. King, 16 How. 469, 14 L. Ed. 1019. But when a pass covering free transportation contains the express condition that the beneficiary of the pass will not hold the carrier liable for personal injuries caused by negligence, the condition is a valid one and stands in the way of recovery against the carrier for injuries said to have resulted from its negligence or that of its agents. The Supreme Court has ruled on the point so many times that it is not open to question now. Northern Pacific R. Co. v. Adams, 192 U.S. 440, 24 S. Ct. 408, 48 L.Ed. 513; Boering v. Chesa-

peake Beach R. Co., 193 U.S. 442, 24 S.Ct. 515, 48 L.Ed. 742; Charleston & Western Carolina R. Co. v. Thompson, 234 U.S. 576, 34 S.Ct. 964, 58 L.Ed. 1476; Kansas City Southern R. Co. v. Van Zant, 260 U.S. 459, 43 S.Ct. 176, 67 L.Ed. 348. The law in the New York courts is the same. Ulrich v. New York Central & H. R. R. Co., 108 N. Y. 80, 15 N.E. 60, 2 Am.St.Rep. 369; Anderson v. Erie R. Co., 223 N.Y. 277, 119 N.E. 557; Wilder v. Pennsylvania R. Co., 245 N.Y. 36, 156 N.E. 88, 52 A.L.R. 188. The cases cited above deal with passes issued by railroad carriers, but no distinction exists between railroad carriers and steamship carriers in this respect.

The arguments advanced by the libelant to take the case out of the rule have not been overlooked. They have been ably presented, but are without merit. There is no "new" public policy that condemns provisions in a free pass that exempt carriers from liability for injury negligently inflicted. Public policy is found in the law laid down in legislative enactment or in the law laid down in decisions of the courts, and attention has not been directed to any statute or to any case in the courts holding void the nonliability provision in a pass. It is likewise unsound to say that since the libelant paid for meals and berth, she was not traveling on a free pass. As the pass shows on its face, the holder was entitled to free transportation, but was charged for meals and berth. In other words, she was a free passenger, but not a free boarder or roomer. In such a case the conditions attached to the pass are valid and control all rights incidental to passage. Ulrich v. New York Central & H. R. Co., supra. The pass exempted not only the steamship company that issued it, but also the allied company that owned the vessel. See Wilder v. Pennsylvania R. Co., supra. It is true that the condition of no liability in a pass does not clear the carrier from responsibility for injuries inflicted intentionally or wantonly (New York Central R. Co. v. Mohney, 252 U.S. 152, 40 S.Ct. 287, 64 L.Ed. 502, 9 A.L.R. 496), but it cannot be urged seriously that the injuries complained of in the first three causes of action came through intentional or wanton misconduct of the carrier's employees. At most there was merely negligence.

The fourth count rests on a different theory. It is claimed that on the return of the ship to New York the respondent Timm as port surgeon made a physical ex-

amination of the libelant in the presence of one whom he introduced as his assistant, but who in fact was a claim agent. For such a ·cause of action the exemption in the pass would not be a defense. New York Central R. Co. v. Mohney, supra. There is a conflict of evidence as to the examination. Timm and the ship's doctor testified that the person who accompanied Timm was the ship's doctor; that no claim agent was there at the time of the examination. The libelant has not sustained the burden of proof on this issue.

It follows that the amended libel should be dismissed as to all respondents.